## COOPER, EXECUTOR, v. OMOHUNDRO.

The case of *Folsom v. The Insurance Company* (18 Wallace, 237), and the numerous cases there cited, p. 244, affirmed, and the doctrine again declared, that where a jury is waived and the issues of fact submitted to the Circuit Court, under the act of March 3d, 1865 (quoted in the report of the case cited, p. 238), this court will not review the finding of the court where it is general and unaccompanied by any authorized statement of facts; and that in the case of such general finding, "nothing is open to review by the losing party under a writ of error except the rulings of the Circuit Court in the progress of the trial, and that the phrase, ' rulings of the court in the progress of the trial,' does not include the general finding of the Circuit Court nor the conclusions of the Circuit Court embodied in such general finding."

ERROR to the Circuit Court for the Eastern District of Virginia; in which court Littleton Omohundro, a citizen of Ohio, sued Richard Cooper, a citizen of Virginia, executor of Silas Omohundro (which said Silas was in his lifetime a citizen of the same State), to recover certain advances which the plaintiff, the said Littleton, who was the son of the said Silas, the defendant's testator, had made (as the evidence tended to show, though this fact was *not in any way shown by the pleadings*), during the rebellion, and while funds could not be transmitted from Virginia to Ohio for the said Silas, his father.

The said Silas, the decedent, though living in Virginia, had been building a house in Ohio, for his wife (or reputed wife) and children, who resided there, and where he was in the habit of visiting them till the rebellion broke out. He died in 1864.

The court gave judgment for the plaintiff, and the defendant brought the case here on error.

*Messrs. J. M. Carlisle and J. M. Lyons, for the plaintiff in error; Mr. J. M. Crump, contra.*

Mr. Justice CLIFFORD stated the case, and delivered the opinion of the court.

Advances were made by the plaintiff to Silas Omohundro in the sum of $4390, as alleged in the bill of particulars filed in the case. None of that amount, as the plaintiff alleges, was ever paid by the decedent, and the defendant, as his executor, having neglected and refused to pay the same, the plaintiff brought an action of assumpsit against the defendant, as such executor, to recover the amount. Service being made the defendant ultimately appeared and pleaded the general issue. Both parties being present they waived a jury, and agreed that the issues of fact should be tried and determined by the court without the intervention of a jury.

Subsequently the defendant filed a special plea, that the plaintiff ought not to have and maintain his action aforesaid

against him because, he says, that at the time of making the supposed contract and promise in the declaration mentioned, war existed between the United States and the Confederate States, and that the plaintiff and the testator of the defendant were alien enemies, concluding with a verification and a prayer for judgment. Responsive to that special plea the plaintiff filed a replication denying the allegations thereof, and prayed that the same might be inquired of by the country.

Three depositions were introduced by the plaintiff to sustain the issue on his part, and he also introduced certain receipts, four of which were signed by the reputed wife of the decedent, and two by the contractor employed to build a dwelling-house for his reputed wife and children. Taken together, these proofs tend strongly to prove that the decedent was indebted to the plaintiff in the sum of $4390, as found by the Circuit Court.

Countervailing evidence was introduced by the defendant consisting of five depositions, a deed from the decedent to his reputed wife for her life, remainder to her six children, and the will of the testator with the probate thereof, the Virginia ordinance of secession, and an ordinance of the State requiring the governor to call volunteers into the service of the State to repel invasion and to protect the citizens of the State in the emergency, and ten other ordinances passed by that State during the rebellion. All of the testimony introduced on the one side and the other being set forth at large in what is denominated in the transcript a bill of exceptions, filling thirty-seven pages of the transcript.

None of the evidence introduced by the plaintiff was objected to at the time, nor is any part of it made the subject of an exception, nor was any request made by the defendant at the close of the plaintiff's case for a ruling adverse to the right of the plaintiff to recover. On the contrary, the defendant immediately proceeded to introduce evidence responsive to that introduced by the plaintiff, and evidence to show that the decedent never promised the plaintiff as alleged in the declaration, and at the close of his evidence

requested the Circuit Court to decide substantially as follows:

1st. That the alleged contract, inasmuch as war existed at the time between the United States and the Confederate States, was illegal and void.

2d. That the alleged contract, if not actually void, was an executory agreement, and as such was terminated by the war.

3d. That the alleged contract, if otherwise valid, was too indefinite to be executed.

4th. That no interest is recoverable during the war or any portion of the war upon a contract between alien enemies.

5th. That upon the whole case, judgment should be for the defendant.

But the court refused so to decide, and ruled against the defendant upon each of the propositions, and the defendant excepted to the said ruling.

Under those circumstances the record states that "the court does find the facts in the case for the plaintiff, and gives judgment that the plaintiff recover of the defendant the sum of $4391, with interest from the 24th day of June, 1864, at the rate of six per cent. per annum, and costs of suit."

Judgment having been rendered, the defendant moved the court to arrest the same and grant him a new trial, alleging for cause that the judgment was contrary to the evidence and the law, and in support of the motion assigned for error the same causes as those stated in the requests submitted before judgment, but the court overruled the motion and the defendant excepted to the ruling.

Such is the state of the record which is brought here by the defendant in the subordinate court. Since the cause was removed here the losing party assigns a single cause of error, which is that the Circuit Court erred in refusing to rule in favor of the defendant upon the questions of law as requested, and in ruling to the contrary thereof.

Much discussion of the motion for new trial is unnecessary, as the motion is one addressed to the discretion of the

court, in respect to which the ruling of the Circuit Court cannot be reviewed here upon a writ of error, nor in any other mode. Nor can it make any difference in this case that the motion for new trial was blended with one to arrest the judgment, as such a motion ought regularly to be made before the judgment is entered. Motions in arrest at common law were made after verdict and before judgment, and it is quite clear that the refusal to grant such a motion after judgment, in case where the finding of the Circuit Court is general, cannot be regarded as a ruling made in the progress of the trial.

Nothing remains to be considered except the requests for rulings presented by the defendant before judgment.

Beyond all doubt the only effect of the exception to the refusal of the court to grant the fifth request, if the exception is admitted to be well taken, will be to require the court here to review the finding of the Circuit Court in a case where the finding is general, and where it is unaccompanied by any authorized statement of the facts, which it is plain this court cannot do, for the reasons given in the opinion of the court in the case of *Insurance Company* v. *Folsom*, decided at the present term.* Our decision in that case was, that in a case where issues of fact are submitted to the Circuit Court and the finding is general, nothing is open to review by the losing party under a writ of error except the rulings of the Circuit Court in the progress of the trial, and that the phrase " rulings of the court in the progress of the trial " does not include the general finding of the Circuit Court nor the conclusions of the Circuit Court embodied in such general finding, which certainly disposes of the exceptions to the refusals of the Circuit Court to decide and rule as requested in the first four prayers presented by the defendant, as it is clear that those exceptions seek to review certain conclusions of the Circuit Court which are necessarily embodied in the general finding of the Circuit Court.

---

* 18 Wallace, 237.

Opposed to that it may be suggested that the judgment shows that interest is allowed, but the answer to that is that neither the finding nor the judgment shows anything in regard to the principal except the amount awarded to the plaintiff. Nothing can be inferred from the declaration to support the defence of illegality, as it contains only the money counts, nor from the bill of particulars filed in the case, as it gives only the dates of the payments and makes no reference to the date of the contract. Support to the defence is entirely wanting without resorting to the evidence as reported in the bill of exceptions, which includes all that was introduced on both sides and is unaccompanied by any special finding of the facts. Issues of fact cannot be found by this court, as the act of Congress requires that such issues shall be found by the Circuit Court. Consequently there can be no review of the finding of the Circuit Court where the finding is general, nor of the conclusions of the Circuit Court embodied in the general finding.

JUDGMENT AFFIRMED.