## BANK OF WATERPROOF v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Fifth Circuit. May 19, 1924. Rehearing Denied June 30, 1924.)

### No. 4134.

1. **Appeal and error ⊚⇒662(1)—Record as to whether motion was made and its disposition held conclusive.**

Where record shows motion for judgment was made and exception to its refusal, claim that motion and exception were not in fact made and taken cannot be considered.

2. **Appeal and error ⊚⇒850(2)—In absence of statute, finding of court, when jury waived, not reviewable.**

In absence of statute, where parties in common-law action waived jury, there was no question of fact reviewable by appellate court, and only reviewable questions of law were those relating to record proper.

3. **Courts ⊚⇒339—Trials in federal court without jury regulated by federal statutes.**

Method of trial by court without jury prescribed by Act March 3, 1865, § 4 (Rev. St. § 649; Comp. St. § 1587), and Rev. St. § 700 (Comp. St. § 1668), made applicable to District Courts by Judicial Code, § 291 (Comp. St. § 1268), and to Circuit Courts of Appeals by section 128 (Comp. St. § 1120), has displaced state practice in federal courts.

4. **Appeal and error ⊚⇒850(2)—When jury waived, whether finding shall be special or general rests in trial court's discretion; review limited.**

Where case is tried by court under written stipulation waiving jury under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668), whether finding shall be special or general rests in trial court's discretion; but if court makes special finding, evidence on which it is based is not presented for review, inquiry being limited to whether facts found support judgment.

5. **Appeal and error ⊚⇒553(1)—Trial court's opinion cannot take place of bill of exceptions.**

Trial court's opinion is not a substitute for, and cannot take place of, bill of exceptions.

6. **Appeal and error ⊚⇒850(2)—Appellate court may determine when evidence is sufficient to support judgment of court sitting without jury.**

Where case is tried by court without jury, under Rev. St. §§ 649, 700 (Comp. St. §§ 1587, 1668) court's findings of fact have same effect as verdict of jury, but no greater, and any question may be reviewed on appeal which could be reviewed, if trial was by jury, and hence appellate court may determine whether all evidence in bill of exceptions is sufficient to support judgment, where appellant made motion for judgment and excepted to court's refusal thereof.

7. **Appeal and error ⊚⇒842(7)—Effect of general verdict on questions of fact stated.**

General verdict settles all disputed questions of fact, and unless tested by motion for peremptory instruction at close of evidence it also settles all undisputed questions of fact; but, if so tested, whether evidence requires verdict for losing party becomes question of law, reviewable by appellate court.

8. **Appeal and error ⊚⇒237(6), 268(4)—Method of securing review of judgment by court sitting without jury stated.**

To secure review of evidence by appellate court in trial by court without jury under written stipulation waiving jury, appellant must have moved for judgment and excepted to court's refusal thereof; exception to judgment alone not presenting anything for review.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**9. Appeal and error ⟨⟩⟩175(5)—When jury waived, judgment may be entered in Circuit Court of Appeals.**

Where jury was waived by written stipulation, and on appeal Circuit Court of Appeals determined appellant was entitled to judgment, judgment may be entered without remanding case to District Court.

In Error to the District Court of the United States for the Western District of Louisiana.

On petition for rehearing, and plaintiff's motion for entry of judgment. Petition for rehearing denied. Motion for entry of judgment for plaintiff granted.

For former opinion, see 297 Fed. 217.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. In the original opinion in this case we reviewed the evidence, and held that it did not sustain the conclusion of the trial court that the bank, the plaintiff in error, made a settlement, within the meaning of the bond sued on, with its defaulting cashier. On the contrary, we reached the conclusion from the whole evidence, which is undisputed, that such settlement had not been made. The judgment of the trial court was therefore reversed.

The position is taken in the petition for rehearing that the record as it is made up does not authorize this court as an appellate court to consider the evidence or determine that it was insufficient to support the judgment of the trial court. The parties filed with the clerk a stipulation in writing waiving a jury, and proceeded to try the case before the District Judge. The bill of exceptions purports to contain all the evidence, and discloses that each of the parties requested a special finding of facts. It also recites that the trial judge filed a written opinion, containing findings of fact and of law, which is printed in the transcript. It does not disclose any objection to the admission or rejection of evidence, or any exception to rulings during the progress of the trial, save that at the close of the evidence a motion by the plaintiff in error for judgment, and an exception to the court's refusal to enter judgment, in its favor are sufficiently, though very inartificially, made to appear.

[1, 2] The defendant in error makes the claim that such request and exception were not in fact made and taken, but, of course, we are bound by the record. The opinion of the court contains a review of the evidence, but no separate special finding of facts. In this condition of the record, we are of opinion that our power of review was kept within proper limits. The parties in common-law cases frequently desire to waive their right of trial by jury, and submit their rights to the trial judge, either because the facts are undisputed and a jury is unnecessary, or for reasons of convenience, even though the facts may be in dispute. In the absence of a statute providing for this method of trial, there was no question of fact subject to review by an appellate court, and the only questions of law were those which related to the record proper, such as whether the pleadings were sufficient to

⟨⟩⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

support the judgment. Campbell v. United States, 224 U. S. 99, 32 Sup. Ct. 398, 56 L. Ed. 684; Ford v. Grimmett (C. C. A.) 278 Fed. 140. A statutory method of trial before the court without a jury was provided by Congress by section 4 of the Act of March 3, 1865. 13 Stat. 501 (Comp. St. § 1587). It now appears without substantial change in the Revised Statutes as sections 649 and 700, which are as follows:

"Sec. 649. Issues of fact in civil cases in any Circuit Court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury." Comp. St. § 1587.

"Sec. 700. When an issue of fact in any civil cause in a Circuit Court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment." Comp. St. § 1668.

This legislation was enacted "in order to preserve to the parties submitting a cause to a trial before a court, both as to law and fact, the benefit of a review or re-examination of questions of law in the appellate court." Flanders v. Tweed, 9 Wall. 425, 430, 19 L. Ed. 678. Nevertheless, it has been, and is yet, the source of much uncertainty at the bar, and some conflict in the decisions, both as to what questions are open for review and what procedure is necessary to secure such review in an appellate federal court. In an effort to aid in settling the practice under these sections in this circuit, we state our conclusions so far as the questions involved in the present case permit, to the end that cases may be reviewed on their merits, and not thrown out for failure to comply with some technical rule of procedure.

[3] Sections 649 and 700 are independent of and displace state practice of the state in which a District Court may be sitting. Ford v. Grimmett, supra, and Supreme Court cases there cited. They were made applicable to District Courts by section 291 of the Judicial Code (Comp. St. § 1268). The review authorized by the Supreme Court in section 700 is conferred upon Circuit Courts of Appeals by section 128 of the Judicial Code (Comp. St. § 1120).

[4] Section 649 provides:

"The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

Parties have no right to require a special finding, but whether the finding shall be special or general rests in the discretion of the trial court. Dirst v. Morris, 14 Wall. 484, 20 L. Ed. 722. However, if the court makes a special finding, the evidence upon which it is based is not presented for review. McCampbell v. New York Life Ins. Co. (C. C. A.) 288 Fed. 465. But the inquiry in the appellate court is limited to ascertaining whether the facts found support the judgment. United States v. U. S. Fidelity & Guaranty Co., 236 U. S. 512, 35 Sup. Ct. 298, 59 L. Ed. 696.

[5] Section 700 is devoted to the manner of review in the appellate court. It affirmatively provides for a re-examination of the rulings of the trial court in the progress of the trial, if excepted to and presented by a bill of exceptions, and, in case the finding of the trial court is special, extends to a determination of the sufficiency of the facts found to support the judgment. The opinion of the trial court is not a substitute for, and cannot take the place of, a bill of exceptions. British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 Sup. Ct. 523, 35 L. Ed. 147; Texas, etc., Ry. Co. v. Robinson (C. C. A.) 272 Fed. 453.

[6] Inasmuch as a special finding of facts is not shown by the record, and it is not permissible to ascertain from the opinion of the court what the evidence is, the remaining question is: Does plaintiff in error's motion for judgment, and exception to the court's refusal to enter judgment in its favor, confer upon this court the right to determine whether all the evidence, which is contained in the bill of exceptions, is sufficient to support the judgment of the trial court? We recently held in Blumenfeld v. Mogi, 295 Fed. 123 (opinion filed December 19, 1923), that such motion and exception would authorize such inquiry; but, since in that case a motion for judgment was not made, we deem it best to examine the question anew.

Under section 649 the trial judge assumes in addition to his judicial powers the functions of a jury. In this dual capacity he passes upon both the law and the facts, and his finding on the facts is given the same effect as the verdict of a jury. If the finding be special, it corresponds to a special verdict; if general, to a general verdict. Bearing in mind that under the nonstatutory method the judge's findings on the facts is conclusive and cannot be reviewed, and that it was the purpose of the act of 1865 to provide a broader power of review, it appears to us that the finding of facts by the judge, which it is provided shall have the same effect as the verdict of a jury, is not entitled to a greater effect.

[7] The effect of a general verdict is to settle all disputed questions of fact, and, unless tested by motion for a peremptory instruction at the close of the evidence, it also settles all undisputed questions of fact. If so tested, however, the question whether the whole evidence requires a verdict in favor of the losing party becomes a question of law which is reviewable by an appellate court. This is the constant, everyday practice of testing the sufficiency of evidence to support the verdict in a jury trial. The finding of the judge upon the facts is given a greater effect than the verdict of a jury, unless such finding can also be made the subject of review in an appellate court.

We are therefore of opinion that any question which can be reviewed in an appellate court where the trial is by jury can also be reviewed where the trial is had under this statutory method before the court without a jury. In St. Louis v. W. U. Tel. Co., 148 U. S. 92, 13 Sup. Ct. 485, 37 L. Ed. 380, it is said:

"At the threshold of the case we are met with the objection that there are no special findings of facts, and that therefore our inquiry is limited to questions arising upon the pleadings, or upon rulings made by the court during the progress of the trial. * * * It is enough to say that in this case there

was, as appears by the bill of exceptions, an application at the close of the trial for a declaration of law that the plaintiff was entitled to judgment for the sum claimed, which instruction was refused, and exception taken; and this, as was held in Norris v. Jackson, 9 Wall. 125, presents a question of law for our consideration."

Expressions to the contrary of the language just quoted appear in several earlier decisions of the Supreme Court. A very careful and able review of all of them is to be found in the dissenting opinion of Circuit Judge Sanborn in Searcy County v. Thompson, 66 Fed. 92, 13 C. C. A. 349. Judge Sanborn's views were later adopted in the Eighth Circuit. Barnhard v. Randle, 110 Fed. 906, 49 C. C. A. 177. The question under consideration was not presented in any of these Supreme Court cases, except in that of Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47. The other cases are Dirst v. Morris, 14 Wall. 484, 20 L. Ed. 722; Insurance Co. v. Folsom, 18 Wall. 237, 21 L. Ed. 827; Martinton v. Fairbanks, 112 U. S. 670, 5 Sup. Ct. 321, 28 L. Ed. 862. In none of them was there a motion for judgment or declaration of law that the losing party was entitled to judgment. The effect of the opinion in the St. Louis Case was to overrule Cooper v. Omohundro, supra, and the other cases also, if they be considered in point.

We are of opinion that the St. Louis Case has not itself been overruled or modified. Upon a second writ of error in that case, reported in 166 U. S. 388, 17 Sup. Ct. 608, 41 L. Ed. 1044, the court declined to consider the refusal of the trial court to enter judgment for the plaintiff on the ground that evidence taken after an agreed statement of facts had been made out was not before it. In Grayson v. Lynch, 163 U. S. 468, 16 Sup. Ct. 1064, 41 L. Ed. 230, a different statute was under consideration. In Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 Sup. Ct. 55, 46 L. Ed. 113, it was held that the agreed statement of facts was defective, and could not be considered, and that the court was concluded by a general finding in favor of the defendant. But it does not appear that a motion for judgment was made. The substance of the holding is that the bill of exceptions cannot be used to bring up the whole testimony any more than in a trial by jury. Likewise, in Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 41 Sup. Ct. 524, 65 L. Ed. 1020, no motion for judgment was made. The case was simply submitted to the District Judge, and the attempt was made to assign error upon the judgment, as clearly appears from the opinion of this court in the same case. 261 Fed. 741. The point there is the same as that decided by this court in Gulf, etc., Railway Co. v. Clement Grain Co., 268 Fed. 535. It is also true that in the cases of Key West v. Baer, 66 Fed. 440, 13 C. C. A. 572, and Campbell Commission Co. v. Trammell, 74 Fed. 917, 21 C. C. A. 177, motions for a judgment were not made. But in order to settle the practice on this question, if possible, we overrule those two cases on the point under discussion.

[8] In order to secure a review, it is, of course, essential that the losing party should have submitted a motion for judgment and reserved an exception to the refusal of the court to grant it. The authorities are unanimous to the effect that an exception to the judg-

. ment presents nothing to an appellate court for review. The petition for rehearing is therefore denied.

[9] The plaintiff in error has filed a motion that judgment be entered by this court in its favor. The motion will be granted. The jury having been waived, and this court having reached·the conclusion that the plaintiff in error was entitled to judgment, there is no reason for remanding the cause for further consideration by the District Court. Insurance Companies v. Boykin, 12 Wall. 433, 20 L. Ed. 442; Fellman v. Royal Ins. Co., 184 Fed. 577, 106 C. C. A. 557; Walker v. Gulf & Interstate Ry. Co. (C. C. A.) 269 Fed. 85.

It is therefore ordered that the clerk of this court enter judgment for the plaintiff in error for $5,000, that being the amount of the bond sued on, together with interest thereon at the rate of 5 per cent. per annum from the date suit was filed, and certify such judgment to the District Court.