## PINDER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 4, 1925.)

No. 4384.

Internal revenue ☞42—Searches and seizures ☞7—Search of automobile after attempted bribe of officer held authorized by statute; not unreasonable.

Where customs inspector, on observing sack in automobile which he suspected contained liquor, inquired who owned automobile, and defendant admitted it was his, and offered $50 if inspector would not search it, *held*, search subsequently made without warrant was authorized by Rev. St. § 3061 (Comp. St. § 5763), and not unreasonable or violative of Const. Amend. 4.

In Error to the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Herbert Pinder, alias Dick Pinder, was convicted of possessing intoxicating liquor in violation of National Prohibition Act, and he brings error. Affirmed.

Bart A. Riley, of Miami, Fla., for plaintiff in error.

Harry W. Reinstine, Asst. U. S. Atty., of Jacksonville, Fla. (Wm. M. Gober, U. S. Atty., of Tampa, Fla., and Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., on the brief), for the United States.

Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.

BRYAN, Circuit Judge. Plaintiff in error was convicted of having intoxicating liquor in his possession in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.).

An inspector of customs came upon the plaintiff in error and two other men at night, as they were standing by an automobile near the water front in Miami, Fla. The inspector, observing a sack in the automobile and suspecting that it contained liquor, inquired who owned the automobile. Plaintiff in error replied that it was his, and that he would give the inspector $50 if the latter would not search it; but the inspector seized the sack, which in fact contained intoxicating liquor.

At the trial, the court admitted the liquor in evidence over objection. It is contended that this was error, on the ground that the search was in violation of the Fourth Amendment. It is only unreasonable searches and seizures that are forbidden. The officer had reasonable cause to suspect that the liquor which he saw in the automobile had been brought into the United States in a manner contrary to law. It follows that he was authorized to make the search and seizure without a warrant. R. S. § 3061 (Comp. St. § 5763).

The judgment is affirmed.

═══

## DAVIS, Director General of Railroads, v. FERD–BRENNER LUMBER CO., Inc.

(Circuit Court of Appeals, Fifth Circuit. February 7, 1925. Rehearing Denied March 10, 1925.)

No. 4426.

Appeal and error ☞501(2, 3), 548(1)—No questions presented for review, where record shows no exceptions, evidence is not preserved by bill of exceptions, and assignments relate only to judgment.

Where record showed no exceptions to rulings on pleadings or evidence, and evidence on which judgment was based was not presented by bill of exceptions or otherwise, and where assignments related only to judgment, *held*, nothing was presented for review.

In Error to the District Court of the United States for Western District of Louisiana; Rufus E. Foster, Judge.

Action by James C. Davis, Director General of Railroads, against the Ferd-Brenner Lumber Company, Inc. Judgment for defendant, and plaintiff brings error. Affirmed.

S. L. Richey, of Alexandria, La., and A. L. Burford, of Texarkana, Ark. (Thornton, Gist & Richey, of Alexandria, La., on the brief), for plaintiff in error.

Nauman S. Scott, of Alexandria, La. (Hakenyos & Scott, of Alexandria, La., on the brief), for defendant in error.

Before WALKER, and BRYAN, Circuit Judges.

PER CURIAM. This case was tried by the District Judge, a jury being waived in writing. There was no exception to any ruling on the pleadings, or to the admission or rejection of evidence, during the progress of the trial. The evidence upon which the judgment was based is not presented by a bill of exceptions or otherwise. The assignments relate only to the judgment. In this state of the record, nothing is presented for review. Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478.

The judgment is affirmed.