## FIRST NAT. BANK OF ARDMORE v. LITTEER et al.

(Circuit Court of Appeals, Eighth Circuit. December 9, 1925.)

No. 7018.

1. **Appeal and error ⬅209(1), 242(4)—Question of sufficiency of evidence to support a special finding, not presented to and ruled on by trial court, not reviewable on writ of error.**

Under Rev. St. §§ 649, 700, 1011 (Comp. St. §§ 1587, 1668, 1672), sufficiency of evidence to support a special finding of fact is not reviewable on writ of error, where question was not presented to trial court and its ruling obtained thereon.

2. **Bills and notes ⬅511 — Exclusion of evidence in suit to recover on certificate of deposit held not error.**

In action to recover on certificate of deposit, where evidence showed that certificate had been surrendered and a personal note accepted in place of it, and that note later had been surrendered, and four notes of different persons accepted in place of it, two of which were fully paid and one partly paid, it was not error to exclude evidence that plaintiff, at time of accepting such notes, did not know that they were not for loans made in regular course of business, in view of its acceptance and retention of benefits of payments made.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

Action by the First National Bank of Ardmore against Earl J. Litteer, receiver of the State National Bank of Ardmore, and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Earl Q. Gray, of Ardmore, Okl. (H. C. Potterf and J. M. Poindexter, both of Ardmore, Okl., on the brief), for plaintiff in error.

William B. Johnson, of Ardmore, Okl. (Hugh W. McGill, of Ardmore, Okl., on the brief), for defendants in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. The First National Bank of Ardmore (hereinafter called plaintiff) brought this action against Earl J. Litteer, as receiver of the State National Bank of Ardmore and the State National Bank of Ardmore (hereinafter called defendants), to recover upon a certificate of deposit for the sum of $15,000. The case was tried before the lower court without a jury.

The original certificate of deposit was issued by the State National Bank to the First National Bank of Ardmore on the 21st day of August, 1920. It was thereafter renewed by a new certificate in like amount dated November 22, 1920. The trial court found that, on December 1, 1920, the plaintiff surrendered the latter certificate, and that it took in lieu thereof the note of W. W. Jeter for the sum of $15,000; that thereafter the plaintiff surrendered the above note, and accepted in lieu thereof the note of J. F. Young for $5,000, the note of Fred Ellis for $5,000, the note of W. W. Jeter for $5,000, and the note of D. R. Russell for $720; that the Russell note covered the discount on the other three notes and the accumulated interest on the $15,000 note of Jeter; that the Ellis and Young notes had been paid, and that $500 had been paid on the Jeter note for $5,000.

Upon the foregoing findings, and others, which need not be specifically mentioned, the court entered judgment for the defendants.

At the trial below, counsel for plaintiff did not except to any of the findings, did not request any additional findings, and did not by motion or other like action challenge the sufficiency of the evidence to support the findings.

[1] When a law case is tried to the court without a jury, the questions which are open for review on writ of error are limited by statute. Rev. St. § 649 (Comp. St. § 1587); Rev. St. § 700 (Comp. St. § 1668); Rev. St. § 1011 (Comp. St. § 1672).

This court cannot review the question of the sufficiency of the evidence to support a special finding of fact, where such question was not presented to the trial court and its ruling obtained thereon.

In Wear v. Imperial Window Glass Co. (C. C. A. 8) 224 F. 60, 63, 139 C. C. A. 622, the court said:

"When an action at law is tried without a jury by a federal court, and it makes a general finding, or a special finding of facts, the act of Congress forbids a reversal by the appellate court of that finding, or the judgment thereon, 'for any error of fact' (Revised Statutes, § 1011 [U. S. Comp. Stat. 1913, § 1672, p. 700]), and a finding of fact contrary to the weight of the evidence is an error of fact.

"The question of law whether or not there was any substantial evidence to sustain any such finding is reviewable, as in a trial by jury, only when a request or a motion is made, denied, and excepted to, or some other like action is taken which fairly presents that question to the trial court and secures its ruling thereon during the trial. * * * An exception to any·ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling."

See, also, U. S. v. Atchison, T. & S. F. R. Co. (C. C. A. 8) 270 F. 1, 3; Highway Trailer Co. v. City of Des Moines, Iowa (C. C. A. 8) 298 F. 71, 73; Hirning, Superintendent, etc., et al. v. ·Live Stock National Bank (C. C. A. 8) 1 F. (2d) 307, 310.

Assignments of error numbered 3 to 8, inclusive, are all predicated upon the sufficiency of the evidence to support the findings of the court. Since counsel for plaintiff failed to properly call these questions to the attention of the trial court, they are not open for review here.

[2] The plaintiff offered to show at the trial that the board of directors of the plaintiff bank did not know of the purposes for which the Jeter note for $15,000, and the Ellis, Young, and Russell notes, and the Jeter note for $5,000, were given, at the respective times they were received and accepted by the plaintiff, but believed they were loans made in the regular course of business to the makers of the notes, and did not learn the true facts until after August 31, 1922. . The trial court refused to admit this proof, and the two remaining assignments of error are predicated on that ruling. We fail to see how this evidence could change the result. Assuming it to be true, the record shows that, after the discovery of the facts, the plaintiff received payments on the $5,000 Jeter note in excess of $500, and had theretofore received payment in full for the Ellis and Young notes. The plaintiff could not accept and retain the benefit of these notes, and at the same time repudiate their effect as payment of the Jeter note for $15,000.

The judgment is therefore affirmed.