## MERRIAM v. HUSELTON.
### No. 8818.

Circuit Court of Appeals, Eighth Circuit.
Dec. 6, 1930.

984

Isaac P. Ryland, Paul R. Stinson, Arthur Mag, and Roy B. Thomson, all of Kansas City, Mo., and Charles G. Yankey, John L. Gleason, and Kenneth K. Cox, all of Wichita, Kan., for appellant.

Henry S. Conrad, of Kansas City, Mo. (L. E. Durham and Hale Houts, both of Kansas City, Mo., on the brief), for appellee.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge.

This is an action brought by Howard E. Huselton, plaintiff, against A. E. Merriam, defendant, to recover damages for wrongful and malicious attachment. A jury was waived and the cause tried to the court, and a general finding in favor of the plaintiff was made with judgment in favor of the plaintiff in the sum of $4,460. From that judgment the defendant appeals, bottoming the appeal upon the refusal of the trial court to declare six separately numbered propositions of law.

From the record it appears that the controversy originated over the assignment by appellee, Huselton, on the 11th day of October, 1920, to appellant, Merriam, and others, an oil and gas lease covering certain land in Butler county, Kan.; that assignees operated under the assignment for some years; that assignees then claimed of their assignor a large sum of money to be due under the terms of the contract embodied in the assignment, on account of sums expended in development and operation in excess of receipts from oil runs from the property, one-half of which excess plaintiffs in that case claimed they were entitled to reimbursement from the defendant. Merriam and his coplaintiffs were residents of the state of Kansas. Huselton was a nonresident of that state. Suit was brought in the state of Kansas against Huselton, and, upon the ground of his nonresidence, his property in Kansas was attached and his credit garnished. The defendant in the suit appeared voluntarily and defended, and it was adjudged that nothing was due the plaintiffs. Thereafter Huselton brought this suit against appellant Merriam for damages for wrongful and malicious attachment in the District Court of the United States for the Western District of Missouri, diverse citizenship existing. The wrongfulness of the attachment, as well as its malicious suing out, was duly alleged, and such issue properly joined. As stated, a jury was waived in writing in conformity with the statute, and the parties proceeded to trial of the case to the court on April 9, 1928. There was no determination of the issue until February 15, 1929, when the trial court filed a memorandum opinion finding the issues in favor of the plaintiff, and indicating in his recitals that his finding covered both the question of wrongfulness of the attachment and of malice in its suing out, and directed judgment for the actual damages prayed in the sum of $3,960, and directing that $500 should be allowed as punitive damages. Through oversight of the clerk, it is alleged, no judgment was entered up under the direction contained in the memorandum, and thereafter, on June 18, 1929, a motion was filed by counsel for the plaintiff nunc pro tunc. The defendant on July 2, 1929, filed a motion for judgment in his favor, and later on July 15, 1929, filed requests for eight separate declarations of law, and on July 20, 1929, the trial court entered an order denying all of the eight requested declarations of law, with the exception of declarations of law numbered 3 and 4, which were given. And thereupon the court entered judgment as stated. Thereafter on August 3, 1929, defendant duly served notice of appeal from such judgment, and also filed a petition for appeal. Thereafter on August 28, 1929, the appeal was allowed, and on the same date the appellant presented requests for certain special findings of fact, which were denied.

This appeal presents at the outset consideration of two federal statutes related to the trial of issues of fact in civil cases by the court without the intervention of a jury. These statutes were originally section 4 of the Act of March 3, 1865, later embodied in the Revised Statutes as sections 649 and 700, and now constitute sections 773 and 875, title 28, of the United States Code (28 USCA §§ 773, 875). These sections are as follows:

"§ 773. Same; by court. Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

"§ 875. Review in cases tried without jury. When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress

of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

In the case at bar it will be observed that the trial took place on April 9, 1928. Presumably after the submission the case was taken under advisement, for it was not determined until February 15, 1929, when the memorandum opinion was filed directing judgment to be entered for the plaintiff, as stated. No requests for special findings were made during the trial or at the close of the evidence. However, that is not important, as special findings in such cases are entirely discretionary with the trial court, and error cannot be assigned for their refusal. Ozark Pipe Line Corporation v. Decker (C. C. A. 8) 32 F.(2d) 66. We do not overlook the fact that there is some language in the judgment of the trial court later entered, which would indicate that the court looked upon the memorandum opinion as containing special findings. We think, however, it clear from an examination of the memorandum opinion that it does not embody any special finding of fact such as is contemplated by section 875, supra. Neither does it appear that the opinion was ever spread upon the record, and we think it well settled that mere recitals in an opinion are not special findings within the purview of the section mentioned. United States v. Sioux City Stock Yards Co. (C. C. A. 8) 167 F. 126.

It will be further observed that no question of law was presented during the course of the trial nor at the close of the evidence by motion or request for declaration of law. The requests for special findings and for declarations of law came for the first time several months after the case had been decided and the memorandum opinion filed. Indeed some of the requests were filed after the appeal to this court had been initiated. Notwithstanding the fact that the trial court seems to have recognized these requests at the time he ordered judgment to be entered the second time, we think such recognition and attempted rulings do not constitute "rulings of the court in the progress of the trial of the cause." The trial had ended approximately fifteen months prior to this action of the court, and the case had been decided several months prior thereto. Careful examination of the bill of exceptions discloses no requests for "special findings," or for "declarations of law." True they are printed in the record, and we presume they were filed with the clerk, but these are not sufficient, even though timely made at the close of the trial; they must be preserved by bill of exceptions duly approved by the court.

The late senior Circuit Judge Sanborn, in Barnard v. Randle (C. C. A.) 110 F. 906, 909, states the rule as follows:

"There is no special finding of facts, but a mere general finding in favor of the defendant in error. This general finding prevents all inquiry by this court into the special facts or conclusions of law on which it rests. Where a jury is waived, and the case is tried by the court, and no special finding of facts is made, the only questions arising on the evidence which can be presented to or considered by this court are the rulings upon the admission or rejection of evidence in the progress of the trial, and, in cases where that question is presented by a proper request at the close of all the evidence, the sufficiency of the evidence to warrant the finding. No such request was presented in this case, and no finding of fact or conclusion of law of the court below is presented for our consideration. Boardman v. Toffey, 117 U. S. 271, 272, 6 S. Ct. 734, 29 L. Ed. 898; Norris v. Jackson, 9 Wall. 125, 19 L. Ed. 608; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Martinton v. Fairbanks, 112 U. S. 670, 673, 5 S. Ct. 321, 28 L. Ed. 862; Smiley v. Barker, 83 F. 684, 688, 28 C. C. A. 9, 13, 14, 55 U. S. App. 125, 134; Hoge v. Magnes, 85 F. 355, 358, 29 C. C. A. 564, 567, 56 U. S. App. 500, 505; Insurance Co. of North America v. International Trust Co., 71 F. 88, 90, 17 C. C. A. 616, 618, 36 U. S. App. 291, 303; Walker v. Miller, 59 F. 869, 8 C. C. A. 331, 19 U. S. App. 403; Searcy County v. Thompson, 66 F. 92, 13 C. C. A. 349, 27 U. S. App. 715."

The principles under discussion seem to have been early settled by the Supreme Court of the United States. In Mercantile Mut. Insurance Company v. Folsom, 18 Wall. 237, at page 248, 21 L. Ed. 827, Mr. Justice Clifford speaking for the court said:

"Where a jury is waived, as therein provided, and the issues of fact are submitted to the court, the finding of the court may be either general or special, as in cases where an issue of fact is tried by a jury; but where the finding is general the parties are concluded by the determination of the court except in cases where exceptions are taken to the rul-

ings of the court in the progress of the trial. Such rulings, if duly presented by a bill of exceptions, may be reviewed here, even though the finding is general, but the finding of the court, if general, cannot be reviewed in this court by bill of exceptions or in any other manner."

See, also, the following cases: Norris v. Jackson, supra; Miller v. Insurance Co., 12 Wall. 285, 20 L. Ed. 398; Cooper v. Omohundro, supra; Insurance Co. v. Sea, 21 Wall. 158, 22 L. Ed. 511; Martinton v. Fairbanks, supra; Boardman v. Toffey, supra; Grayson v. Lynch, 163 U. S. 468, 16 S. Ct. 1064, 41 L. Ed. 230; St. Louis v. Western Union Tel. Co., 166 U. S. 388, 17 S. Ct. 608, 41 L. Ed. 1044.

Following the above list of cases, the Supreme Court in Fleischmann Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 287, 70 L. Ed. 624, reviewed the subject and reaffirmed the pronouncements therein contained. In this case the court says:

"The opinion of the trial judge, dealing generally with the issues of law and fact and giving the reasons for his conclusion, is not a special finding of facts within the meaning of the statute. Insurance Co. v. Tweed, 7 Wall. 44, 51, 19 L. Ed. 65; Dickinson v. Planters' Bank, 16 Wall. 250, 257, 21 L. Ed. 278; Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 S. Ct. 57, 33 L. Ed. 309; British Mining Co. v. Baker Mining Co., 139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147; York v. Washburn, 129 F. 564, 566, 64 C. C. A. 132; United States v. Stock Yards Co., 167 F. 126, 127, 92 C. C. A. 578. And it is settled by repeated decisions, that in the absence of special findings, the general finding of the court is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions, as required by the statute. Norris v. Jackson, 9 Wall. 125, 128, 19 L. Ed. 608; Miller v. Insurance Co., 12 Wall. 285, 300, 20 L. Ed. 398; Dickinson v. Planters' Bank, supra [16 Wall.], 257 [21 L. Ed. 278]; Insurance Co. v. Folsom, 18 Wall. 237, 248, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47; Insurance Co. v. Sea, 21 Wall. 158, 161, 22 L. Ed. 511; Martinton v. Fairbanks, 112 U. S. 670, 673, 5 S. Ct. 321, 28 L. Ed. 862; Boardman v. Toffey, 117 U. S. 271, 272, 6 S. Ct. 734, 29 L. Ed. 898; British Mining Co. v. Baker Mining Co., supra [139 U. S.], 222, 11 S. Ct. 523 [35 L. Ed. 147]; Lehnen v. Dickson, 148

U. S. 71, 73, 13 S. Ct. 481, 37 L. Ed. 373; St. Louis v. Telegraph Co., 166 U. S. 388, 390, 17 S. Ct. 608, 41 L. Ed. 1044; Vicksburg Ry. v. Anderson-Tully Co., 256 U. S. 408, 415, 41 S. Ct. 524, 65 L. Ed. 1020; Law v. United States, 266 U. S. 494, 496, 45 S. Ct. 175, 69 L. Ed. 401; Humphreys v. Third National Bank, 75 F. 852, 855, 21 C. C. A. 538; United States v. Stock Yards Co., supra [167 F.], 127. To obtain a review by an appellate court of the conclusions of law a party must either obtain from the trial court special findings which raise the legal propositions, or present the propositions of law to the court and obtain a ruling on them. Norris v. Jackson, supra [9 Wall.], 129 [19 L. Ed. 608]; Martinton v. Fairbanks, supra [112 U. S.], 673, 5 S. Ct. 321 [28 L. Ed. 862]. That is, as was said in Humphreys v. Third National Bank, supra [75 F.], 855, 'he should request special findings of fact by the court, framed like a special verdict of a jury, and then reserve his exceptions to those special findings, if he deems them not to be sustained by any evidence; and if he wishes to except to the conclusions of law drawn by the court from the facts found he should have them separately stated and excepted to. In this way, and in this way only, is it possible for him to review completely the action of the court below upon the merits.'

"These rules necessarily exclude from our consideration all the questions presented by the assignment of errors except those arising on the pleadings. All the others relate either to matters of fact or to conclusions of law embodied in the general finding. These are not open to review, as there were no special findings of fact and no exceptions to the rulings on matters of law were taken during the progress of the trial or duly preserved by a bill of exceptions. The defendants offered no exceptions to the rulings of the court until after the writ of error had issued, transferring jurisdiction of the case to the Court of Appeals. And the recitals in the subsequent 'bills of exceptions' that the exceptions, then for the first time presented, were to be taken as made before the entry of the judgment, are nugatory. A bill of exceptions is not valid as to any matter which was not excepted to at the trial. Walton v. United States, 9 Wheat. 651, 657, 6 L. Ed. 182; Insurance Co. v. Boon, 95 U. S. 117, 127, 24 L. Ed. 395. And it cannot incorporate into the record nunc pro tunc as of the time when an exception should have been taken, one which in fact was not then taken. Walton v. United States, supra [9 Wheat], 658 [6 L. Ed.

182]; Turner v. Yates, 16 How. 14, 29, 14 L. Ed. 824."

We conclude that the record in this case presents no proper question for review in this court. The judgment of the court below is therefore affirmed.