## WHITE v. UNITED STATES.
### No. 382.

Circuit Court of Appeals, Tenth Circuit.
March 17, 1931.

Malcomm E. Rosser, of Muskogee, Okl., and C. P. Kimble, of South Muskogee, Okl., for appellant.

Philas S. Jones, Asst. U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Alexander T. White brought this action against the United States to recover upon a policy of war risk insurance. Under a written stipulation filed with the clerk, trial by jury was waived and the cause tried by the court. Oral and documentary evidence was introduced, written briefs were filed and the cause was then taken under advisement. On June 13, 1930, the court rendered the following memorandum opinion:

"I find the issues of fact in favor of defendant. Set this matter for June 25, 1930, at Muskogee to enter judgment. Notify attorneys."

On the last mentioned date, the court entered judgment for the United States, which in part recited:

"The court doth find the issues of law and of fact for the defendant, * * * and against the plaintiff, * * * and further finds that plaintiff take nothing because of his petition in this action, and that the defendant go hence without day."

White has appealed.

Section 875, title 28 USCA (43 Stat. 936), provides:

"When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Counsel for White did not request any special findings of fact or declarations of law, did not move for judgment upon the evidence, and did not request a declaration of law that

White was entitled to judgment as a matter of law.

No error is assigned on any ruling of the court made during the progress of the trial. The sole contention made by counsel for White is that the undisputed evidence established that he became totally and permanently disabled, within the meaning of the policy, before the expiration of the period of grace following the last payment of premium. If we were free to consider the errors assigned, we should be inclined to agree with the contention of counsel for White. This makes it all the more regrettable that, under the provisions of the statute above quoted, as construed by the decisions of the national courts, we are precluded from considering the error assigned. See note 1.

Section 875, supra, was enacted in substantially its present form, March 3, 1865 (13 Stat. 501), "in order to preserve to the parties submitting a cause to a trial before a court, both as to law and fact, the benefit of a review or re-examination of questions of law in the appellate court" (Flanders v. Tweed, 9 Wall. 425, 430, 19 L. Ed. 678) and has been judicially construed many times. Nevertheless, there appears to exist much uncertainty at the bar both as to what questions are open for review and what procedure must be followed in order to secure such review in an appellate court.

The Fifth Circuit, in Bank of Waterproof v. Fidelity & Deposit Co., 299 F. 478; the First Circuit, in United States v. Smith, 39 F.(2d) 851; and the Eighth Circuit, in Seep v. Ferris-Haggerty Copper M. Co., 201 F. 893, recognized this uncertainty and undertook to state the settled rules governing the

NOTE 1. Fleischmann Const. Co. v. United States, 270 U. S. 349, 355, 356, 46 S. Ct. 284, 70 L. Ed. 624; Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 126–129, 22 S. Ct. 55, 46 L. Ed. 113; Vicksburg, S. & P. Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 415, 41 S. Ct. 524, 65 L. Ed. 1020; City of St. Louis v. Western Union Tel. Co., 166 U. S. 388, 390, 391, 17 S. Ct. 608, 41 L. Ed. 1044; Lehnen v. Dickson, 148 U. S. 71, 72–74, 13 S. Ct. 481, 37 L. Ed. 373; Norris v. Jackson, 9 Wall. 125, 128, 129, 19 L. Ed. 608; Federal I. C. Bank v. L'Herisson (C. C. A. 8) 33 F.(2d) 841, 843, 844; Akre v. Liberty Bank (C. C. A. 8) 24 F.(2d) 816, 818; Henry H. Cross Co. v. Texhoma Oil & Refining Co. (C. C. A. 8) 32 F.(2d) 442, 445; First National Bank of Ardmore v. Litteer (C. C. A. 8) 10 F.(2d) 447, 448; Lahman v. Burnes Nat. Bank (C. C. A. 8) 20 F.(2d) 897–899; Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A. 8) 289 F. 416, 418, 419; Arkansas Anthracite Coal & L. Co. v. Stokes (C. C. A. 8) 277 F. 625, 627; United States v. A., T. & S. F. Ry. Co. (C. C. A. 8) 270 F. 1, 3; Wear v. Imperial W. G. Co. (C. C. A. 8) 224 F. 60, 63, 64; Tiernan v. Chicago L. Ins. Co. (C. C. A. 8) 214 F. 238, 241, 242; Maryland Casualty Co. v. Jones (C. C. A. 9) 35 F. (2d) 791, 792; United States v. Smith (C. C. A.) 39 F.(2d) 851, 853, 854; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A. 5) 299 F. 478, 480–482; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

procedure in law cases tried before a court without a jury. In view of the record in the instant case and in other cases recently brought before this court on appeal, it appears to be necessary to re-state such rules.

Section 773, title 28, USCA (1930), 46 Stat. 486, provides:

"Issues of fact in civil cases in any district court may be tried and determined by the court, without the intervention of a jury, whenever the parties, or their attorneys of record, agree to waive a jury by a stipulation in writing filed with the clerk or by an oral stipulation made in open court and entered in the record."

■ In the absence of such a stipulation, the review of an action at law tried to the court is limited to questions arising on the process, pleadings or judgment. Commissioners of Road Improvement Dist. No. 2 v. St. Louis Southwestern Ry. Co., 257 U. S. 547, 562, 42 S. Ct. 250, 66 L. Ed. 364; Duignan v. United States, 274 U. S. 195, 198, 199, 47 S. Ct. 566, 71 L. Ed. 996; Spalding v. Manasse, 131 U. S. 65, 9 S. Ct. 649, 33 L. Ed. 86; Dundee Mtg. & T. Co. v. Hughes, 124 U. S. 157, 8 S. Ct. 377, 31 L. Ed. 357; North River Ins. Co. v. Guaranty State Bank (C. C. A. 5) 30 F.(2d) 881; Municipal Excavator Co. v. Siedhoff (C. C. A.) 15 F.(2d) 10, 14; National City Bank v. Kimball Commercial & Sav. Bank (C. C. A. 8) 2 F.(2d) 461.

■■ On an appeal from a judgment in an action at law, the questions open for review are limited by statute to errors of law. Section 879, title 28 USCA (18 Stat. 318); Federal I. C. Bank v. L'Herisson (C. C. A. 8) 33 F.(2d) 841, 843. A finding contrary to the weight of the evidence is an error of fact. Federal I. C. Bank v. L'Herisson, supra; First National Bank v. Litteer (C. C. A. 8) 10 F.(2d) 447, 448; Wear v. Imperial W. G. Co. (C. C. A. 8) 224 F. 60, 63.

Section 773, title 28 USCA (46 Stat. 486), provides that the findings of the court may be either general or special, and that such findings shall have the same effect as the verdict of a jury.

■ In a jury waived case, in the absence of special findings, "a general finding * * * is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions." Fleischmann v. United States, 270 U. S. 349, 354, 46 S. Ct. 284, 287, 70 L. Ed. 624; Boardman v. Toffey, 117 U. S. 271,

6 S. Ct. 734, 29 L. Ed. 898; Martinton v. Fairbanks, 112 U. S. 670, 5 S. Ct. 321, 28 L. Ed. 862; Sierra Land & L. S. Co. v. Desert Power & M. Co. (C. C. A. 9) 229 F. 982. However, a general finding has the effect of a general verdict of a jury, and no more, and, while certain earlier decisions were apparently to the contrary (Dirst v. Morris, 14 Wall. 484, 490, 20 L. Ed. 722; Mercantile Mut. Insurance Co. v. Folsom, 18 Wall. 237, 250, 253, 21 L. Ed. 827; Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47; Searcy County v. Thompson (C. C. A.) 66 F. 92, 96. See also Sierra Land & L. S. Co. v. Desert Power & M. Co., supra), it is now well settled that, by motion for judgment in his favor or by an application for a declaration of law that he is entitled to judgment, a party may raise the question of law whether he is entitled to judgment upon all the evidence, and such question, if presented by a proper bill of exceptions, will be reviewed on appeal, notwithstanding a general finding in favor of the adverse party. Maryland Casualty Co. v. Jones, 279 U. S. 792, 795, 796, 49 S. Ct. 484, 73 L. Ed. 960; City of St. Louis v. Western Union Tel. Co., 148 U. S. 92, 96, 13 S. Ct. 485, 37 L. Ed. 380; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A.) 299 F. 478, 481, 482; Griffin v. Thompson (C. C. A. 5) 10 F. (2d) 127, 128; Sartoris v. Utah Const. Co. (C. C. A. 9) 21 F.(2d) 1, 2; Searcy County v. Thompson (C. C. A.) dissenting opinion, 66 F. 96, 99; Barnard v. Randle (C. C. A. 8) 110 F. 906, 909; Seep v. Ferris-Haggarty Co. (C. C. A. 8) 201 F. 893; Dunsmuir v. Scott (C. C. A. 9) 217 F. 200; Sierra L. & L. S. Co. v. Desert Power & M. Co., supra. Rulings upon such a motion or application for a declaration of law, and other rulings on questions of law made by the court during the progress of the trial, should be presented to the appellate court by a proper bill of exceptions. Federal I. C. Bank v. L'Herisson (C. C. A. 8) 33 F.(2d) 841, 843; Preston v. Prather, 137 U. S. 604, 608, 11 S. Ct. 162, 34 L. Ed. 788; Kelly-Springfield Tire Co. v. Bobo (C. C. A. 9) 4 F.(2d) 71, 74; Ana Maria Sugar Co. v. Quinones (C. C. A. 1) 251 F. 499, 504; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

■ In a jury waived case, where the parties make and file an agreed statement of the ultimate facts, or the court makes and files special findings of the ultimate facts, the sufficiency of such facts to support the judgment presents a question of law reviewable on appeal. Wayne County v. Kennicott, 103 U. S. 554, 556, 26 L. Ed. 486; Wilson v. Merchants' L. & T. Co., 183 U. S. 121, 127, 22 S. Ct. 55, 46 L. Ed. 113; United States Trust Co. v. New Mexico, 183 U. S. 535, 540, 22 S. Ct. 172, 46 L. Ed. 315; Tatum v. Davis (C. C. A. 8) 283 F. 948, 949; Panama R. Co. v. Beckford (C. C. A. 5) 231 F. 436, 440; Abernathy v. Oklahoma (C. C. A. 8) 31 F.(2d) 547, 548; Newlands v. Calaveras M. & M. Co. (C. C. A. 9) 28 F.(2d) 89, 90.

■ Such an agreed statement of facts or special findings must be of the ultimate facts, as distinguished from the evidentiary facts. Wilson v. Merchants' Co., supra; United States Trust Co. v. New Mexico, supra; Kentucky L. & A. Ins. Co. v. Hamilton (C. C. A.) 63 F. 93; Raimond v. Terrebonne Parish, 132 U. S. 192, 194, 10 S. Ct. 57, 33 L. Ed. 309; Grayson v. Lynch, 163 U. S. 468, 472, 16 S. Ct. 1064, 41 L. Ed. 230; United States v. Sioux City Stock Yards (C. C. A. 8) 167 F. 126; United States v. Smith (C. C. A. 1) 39 F.(2d) 851, 854. An exception is not a prerequisite to a review of the question of the sufficiency of the agreed statement of facts or the specific findings to support the judgment, since such a question is presented on the record proper. Chicago, R. I. & P. Ry. Co. v. Barrett (C. C. A. 6) 190 F. 118, 123; Seeberger v. Schlesinger, 152 U. S. 581, 586, 14 S. Ct. 729, 38 L. Ed. 560; Webb v. National Bank of Republic (C. C. A. 8) 146 F. 717, 719; United States v. La Franca, 51 S. Ct. 278, 75 L. Ed. —, decided February 24, 1931.

■ Whether the findings shall be special or general rests in the discretion of the trial court and its refusal to make special findings is not reviewable on appeal. Modoc County Bank v. Ringling (C. C. A. 9) 7 F. (2d) 535, 536; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A. 5) 299 F. 478, 480; Compania Trans. de Petroleo v. Mexican Gulf Oil Co. (C. C. A. 2) 292 F. 846, 848; United States v. Smith (C. C. A. 1) 39 F. (2d) 851, 853; Denver L. S. Comm. Co. v. Lee (C. C. A. 8) 18 F.(2d) 11, 16; Southern Surety Co. v. United States (C. C. A. 8) 23 F.(2d) 55, 59; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983.

To have preserved the error here assigned, counsel for White should have moved the court for judgment at the close of the evidence, or should have requested the court to make a special declaration of law that White was entitled to judgment, on the ground that the evidence would sustain no other conclusion.

Since we are precluded from considering the errors assigned, the judgment appealed from is affirmed.