## McPHERSON v. CEMENT GUN CO., Inc.
### No. 620.

Circuit Court of Appeals, Tenth Circuit.
June 28, 1932.

Rehearing Denied Aug. 2, 1932.

H. L. Stuart, of Oklahoma City, Okl. (C. I. Francis and Weeks, Morrow & Francis, all of Wichita Falls, Tex., and Ledbetter, Stuart, Bell & Ledbetter, of Oklahoma City, Okl., on the brief), for appellant.

A. J. Biddison, of Tulsa, Okl. (Biddison, Campbell, Biddison & Cantrell, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

PHILLIPS, Circuit Judge.

McPherson, hereinafter called plaintiff, brought this action against the Gun Company, hereinafter called defendant, to recover damages for alleged breach of contract.

Defendant demurred to the petition on the ground that it failed to state sufficient facts to constitute a cause of action. The court overruled such demurrer and defendant elected to stand thereon and not plead further. Trial by jury was duly waived and on July 30, 1930, the cause came on for trial before the court. At the close of plaintiff's evidence, defendant interposed a demurrer thereto. The court overruled such demurrer. Defendant stood thereon and did not introduce any evidence. The court took the cause under advisement and on April 13, 1931, made a general finding in favor of defendant and entered a judgment dismissing the petition.

On the last mentioned date plaintiff filed in the cause a purported written request for certain special findings of fact, and for the following conclusion of law:

"I, therefore, conclude as a matter of law that said company is indebted to the plaintiff in the sum of $30,000.00 for its wilful breach of its contract and agreement with the plaintiff herein, together with interest on such amount from this date at the rate of 6 per cent per annum, and all costs of suit."

The following purported endorsement appears on this document:

"Refused:..........Edgar S. Vaught,
    "Judge, United States District Court,
        Western District of Oklahoma."

Such purported request and endorsement were not incorporated into nor made a part of the bill of exceptions, but are printed in the transcript as a part of the record proper.

On an appeal from a judgment in an action at law, questions open for review are limited by statute to errors of law. White v. United States (C. C. A. 10) 48 F.(2d) 178, 180; section 879, title 28, USCA (18 Stat. 318).

Section 773, title 28, USCA (46 Stat. 486), provides that the findings of the court in a jury-waived case may be either general or special. Whether the findings shall be special or general rests in the discretion of the trial court and its refusal to make special findings is not reviewable on appeal. White v. United States, supra.

In a jury-waived case, in the absence of special findings, a general finding is conclusive upon the matters of fact and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by bill of exceptions. But a party, by motion for judgment in his favor or by application for a declaration of law that he is entitled to judgment, may raise the question of law whether he is entitled to judgment upon all the evidence, and such question, if presented by proper bill of exceptions, will be reviewed on appeal notwithstanding a general finding in favor of the adverse party. White v. United States, supra; Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

Rulings upon such a motion or application for a declaration of law and other rulings on questions of law made by the court during the progress of the trial are properly a part of the trial proceedings and should be presented to the appellate court by proper bill of exceptions. White v. United States, supra; Merriam v. Huselton (C. C. A. 8) 45 F.(2d) 983, 985, 986; Federal Intermediate Credit Bank v. L'Herisson (C. C. A. 8) 33 F.(2d) 841, 843; Ana Maria Sugar Co. v. Quinones (C. C. A. 1) 251 F. 499, 504.

A request for a declaration of law not presented until after the close of the trial comes too late. Southern Surety Co. v. United States (C. C. A. 8) 23 F.(2d) 55, 59; Merriam v. Huselton, supra, page 985 of 45 F.(2d).

Assuming, without deciding, that the purported request for a declaration of law amounted to a motion for judgment in favor of plaintiff, or for a declaration of law that plaintiff was entitled to judgment upon all the evidence, we cannot consider it because it is not included in the bill of exceptions and was not timely presented.

Counsel for plaintiff urge that, because the rulings on the demurrers were favorable to plaintiff, he had the right to assume that the general finding and judgment would be in his favor, and for that reason was excused from moving for judgment in his favor or asking for a declaration of law that he was entitled to judgment. We cannot agree with this contention. Defendant had challenged the sufficiency of the petition and plaintiff's evidence. Notwithstanding the preliminary rulings, it was open to the court, in the final disposition of the cause, to find for the defendant. If plaintiff desired to preserve his right to review, in the event of an adverse ruling in such final disposition, he should have moved for judgment in his favor or asked for a declaration of law that he was entitled to judgment upon the evidence as a matter of law, and invoked the court's ruling thereon and brought such rulings here for review upon a proper bill of exceptions.

The assignments of error, with the exception of the one hereinafter adverted to, are leveled at the general finding of the court and for the reasons above stated present questions not open to review here.

The trial court denied a motion for a new trial and such ruling is assigned as error. A motion for a new trial is addressed to the discretion of the trial court and its ruling thereon is not open to review in the absence of a showing of abuse of discretion. Maloney Tank Mfg. Co. v. Mid-Continent Petroleum Corp. (C. C. A. 10) 49 F.(2d) 146, 150; Shannon v. Shaffer Oil & Ref. Co. (C. C. A. 10) 51 F.(2d) 878, 881; McBoyle v. United States (C. C. A. 10) 43 F.(2d) 273, 276; Paine v. St. Paul Union Stockyards Co. (C. C. A. 8) 35 F.(2d) 624; O'Brien v. General Accident F. & L. A. Corp. (C. C. A. 8) 42 F.(2d) 48, 49; Wulfsohn v. Russo-Asiatic Bank (C C. A. 9) 11 F.(2d) 715, 718; Parker v. Elgin (C. C. A. 6) 5 F.(2d) 562, 564. We are of the opinion that this record shows no abuse of discretion.

Notwithstanding the foregoing we have carefully examined the briefs and record and are of the opinion that, if the questions sought to be presented could be reviewed, the judgment would have to be affirmed on the merits.

**Affirmed.**