### PIERRE v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. July 22, 1921.)

No. 5776.

1. Criminal Law �köm1092(9)—After term and expiration of time as previously extended, no power to extend time to present bill of exceptions.

   The court has no power to extend time to present a bill of exceptions after the time therefor as previously extended and the term of court have expired.

2. Criminal law �köm1094—Writ not dismissed for absence of bill of exceptions, where overruling demurrer to indictment is assigned as error.

   Though bill of exceptions was not seasonably signed and settled, the writ of error will not be dismissed, where the overruling of demurrer to the indictment is assigned as error; it being the court's duty to pass on it.

3. Homicide ⊙köm140—Indictment for threats to take life of President must state to whom or in whose presence threats were made.

   An indictment charging that on or about a certain day, in a certain county, defendant made threats to take the life of the President, is insufficient; it not showing to whom or in the presence of whom the threats were made, as is necessary, that an acquittal or conviction thereunder could be pleaded against any subsequent indictment for the same offense.

   Stone, Circuit Judge, dissenting.

In Error to the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Criminal prosecution by the United States against Pietro Pierre for threats to take the life of the President. Demurrer to indictment was

overruled, a verdict of guilty returned, and defendant brings error. Reversed.

H. C. Doyle, of Kansas City, Mo. (Redmond S. Brennan and Thurman L. McCormick, both of Kansas City, Mo., on the brief), for plaintiff in error.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for the United States.

Before SANBORN and STONE, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. The defendant, plaintiff in error, was indicted for violation of the Act of Congress of February 14, 1917, c. 64, 39 Stat. 919 (section 10200a, U. S. Comp. St. 1918). The indictment is as follows:

"The grand jurors of the United States within and for the district and division aforesaid, duly impaneled, sworn, and charged, at the term aforesaid of the court aforesaid, on their oaths find, charge, and present that one Pietro Pierre, on or about the 1st day of October, A. D. 1918, in the county of Leavenworth, in said district, did unlawfully, willfully, knowingly, and feloniously make a threat to take the life of the President of the United States by then and there declaring in substance as follows, to wit: 'The President ought to be killed, and I am going to do it as soon as I get a chance.' And this he, the said Pietro Pierre, did, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

A demurrer thereto was by the court overruled, and upon a trial to a jury a verdict of guilty returned. A motion to dismiss the writ of error was made upon the ground that the bill of exceptions was not signed and settled by the judge within the time provided by law and the rules of the court.

[1, 2] The facts as they appear from the record are, that the trial and conviction were had on October 18, 1919, at the October term, 1919, which term expired on January 12, 1920. The writ of error was allowed on October 22, 1919, and the citation signed on October 25, 1919. On that day the defendant was granted 60 days to present for settling the bill of exceptions. On December 19, 1919, before the expiration of the 60 days, 60 days' additional time was granted for the presentation and signing of the bill of exceptions, which would expire, allowing full 120 days, on February 22, 1920. On February 25, 1920, 3 days after the expiration of the 120 days, and after the lapse of the October term, an additional 60 days was granted. This last order of extension was too late, and therefore coram non judice. O'Connell v. United States, 253 U. S. 142, 147, 40 Sup. Ct. 444, 64 L. Ed. 827; Anderson v. United States (C. C. A.) 269 Fed. 65, 79. Therefore we cannot consider the bill of exceptions.

But there was a demurrer to the indictment, which was overruled by the court and assigned as error in the assignment of errors. It is our duty to pass on it. The motion to dismiss is therefore denied.

275 F.—23

[3] An indictment to which a defendant is required to plead must set forth facts so distinctly as to enable the defendant to prepare his defense, and so particularly as to enable him to plead a former conviction or acquittal, if again indicted for the same offense, and upon such a plea that fact must appear from the face of the indictment. United States v. Hess, 124 U. S. 483, 488, 8 Sup. Ct. 571, 31 L. Ed. 516; Miller v. United States, 133 Fed. 337, 347, 66 C. C. A. 399; Fontana v. United States (C. C. A.) 262 Fed. 283, 286. This indictment is defective in that respect. It fails to charge that the alleged threats were made to or in the presence of any person. If the defendant should again be indicted, and the indictment charge to whom, or in the presence of what person or persons, the alleged threats were made by the defendant, a plea of former acquittal or conviction under this indictment could not be sustained. There is nothing in it showing that fact.

The court erred in overruling the demurrer to the indictment, and the cause is for this reason reversed.

STONE, Circuit Judge, dissents.