GREAT NORTHERN LIFE INS. CO. v. DIXON.

Circuit Court of Appeals, Eighth Circuit.
October 26, 1927.

No. 7781.

1. Exceptions, bill of ⬄36(1)—New trial ⬄ 131(1), 132(1)—Bill of exceptions or transcript of testimony is not prerequisite to motion for new trial, nor is such motion prerequisite for settling bill of exceptions.

In the federal courts, neither a bill of exceptions nor a transcript of the testimony is indispensably prerequisite for a new trial, nor is the making of a motion for new trial a prerequisite for the settling of a bill of exceptions.

2. New trial ⬄156—Prevention of undue delays in hearing on motion for new trial rests in trial court's wise discretion.

Prevention of undue delays by obtaining postponement of hearing on motion for new trial until transcript of testimony is obtained, and thereby obtaining material enlargement of time for suing out writ of error, rests in the wise discretion of the trial court.

3. Exceptions, bill of ⬄38—Trial court has jurisdiction to settle bill of exceptions during term and valid extension thereof, but not thereafter.

Trial court has jurisdiction to settle and sign a bill of exceptions during the judgment term and any valid extension thereof, which may be made by standing order or by special order. made during the judgment term, or a valid extension thereof, and at the end of the judgment term and any valid extension thereof the court loses jurisdiction to do so.

4. Appeal and error ⬄537—Bill of exceptions, settled and signed after term and after stipulated extension, cannot be considered.

Stipulation of counsel, made during the judgment term or any valid extension thereof, that the court may settle bill of exceptions within a specified period, enables the court lawfully, during the specified period, to perform such act; but consent or stipulation of counsel after the expiration of valid extension period cannot confer jurisdiction on the court to do so, and the settling and signing of a bill of exceptions after expiration of judgment term and of the time stipulated by counsel were coram non judice, and could not be considered as part of the record on writ of error.

In Error to the District Court of the United States for the District of South Dakota; James D. Elliott, Judge.

Action by Connie A. Dixon against Great Northern Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Theodore M. Bailey, of Sioux Falls, S. D. (Charles O. Bailey and John H. Voorhees, both of Sioux Falls, S. D., and Charles R. Holton, of Chicago, Ill., on the brief), for plaintiff in error.

U. S. G. Cherry, of Sioux Falls, S. D. (Holton Davenport and Gale B. Braithwaite, both of Sioux Falls, S. D., on the brief), for defendant in error.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

BOOTH, Circuit Judge. This is a writ of error to a judgment recovered on a policy of accident insurance in an action brought by defendant in error, wife of the insured and the beneficiary in the policy, against plaintiff in error, the insurer. The jury returned a verdict for the full amount of the policy, with interest. Parties will be designated as in the court below.

There are 50 assignments of error. Those relied upon, however, relate to the following matters: (1) Admission of evidence; (2)

---

[1] The late Judge Trieber concurred in this opinion during his lifetime.

refusal to strike out certain testimony given on behalf of plaintiff; (3) rejection of certain testimony given on behalf of defendant; (4) denial of motion for directed verdict at the close of the case, the motion being based on the ground that the evidence was insufficient to support a verdict in favor of plaintiff; (5) misconduct of counsel for plaintiff in his argument to the jury; (6) errors in the charge of the court to the jury.

At the outset we are met by the contention of plaintiff that the record contains no bill of exceptions properly settled and signed; that what purports to be a bill of exceptions was signed by the judge after he had lost jurisdiction of the cause by lapse of time. Bearing upon this contention, the following salient facts appear:

The case was tried during the April, 1926, term of court. Judgment was entered April 19, 1926, during the same term. On the same day, an order was entered staying all proceedings for a period of 90 days. Similar orders were made by the court as follows: Order, July 16, 1926, specifying August 1, 1926; order, July 26, 1926, specifying September 1, 1926; order, August 30, 1926, specifying September 20, 1926; order, September 16, 1926, specifying October 5, 1926; order, October 2, 1926, specifying October 12, 1926.

None of the orders entered up to this time made any specific reference to a bill of exceptions. Meanwhile a motion for new trial had been filed July 16, 1926, and hearing on the same was continued by the order of July 16, 1926, until a transcript of the testimony could be furnished by the reporter. The motion was finally heard on October 11, 1926, and was denied October 16, 1926. Plaintiff objected to the hearing of the motion for new trial, on the ground, among others, that no bill of exceptions had been settled upon which the motion could be heard. [1, 2] We may digress here for a moment to say that in this circuit, at least, in the federal courts, neither a bill of exceptions nor a transcript of the testimony is an indispensable prerequisite to a motion for a new trial; nor is the making of a motion for a new trial a prerequisite to the settling of a bill of exceptions. And the common practice of filing a motion for a new trial, ordering a transcript of testimony, and obtaining a postponement of the hearing of the motion until the transcript is obtained; oftentimes has the effect, which is not infrequently sought, of enlarging materially the time for suing out a writ of error. It may be noted in the case at bar that the three-months period within

which a writ of error could be sued out began to run October 16, 1926, when the motion for a new trial was denied. The writ of error was in fact sued out January 11, 1927. This was nearly nine months from the time of the original entry of judgment. The prevention of undue delays, so caused, rests, however, in the wise discretion of the trial court.

On the 12th of October, 1926, an order was entered by the court reading as follows:

"The parties to the above-entitled action having appeared before this court through their respective attorneys of record upon the 11th day of October, 1926, and the defendant having moved the court for an order enlarging the time for filing bill of exceptions and for stay of all proceedings, and good cause being shown therefor, it is hereby ordered that the defendant have additional time, and until and including the 20th day of November, 1926, within which to serve, file, and settle its bill of exceptions herein.

"It is further on like motion ordered that all proceedings herein be stayed until and including the said 20th day of November, 1926.

"Done in open court at Sioux Falls, in said district of South Dakota, this 12th day of October, 1926."

On the 19th of October, 1926, a new term of court opened, in accordance with statutory requirement. On October 27, 1926, a proposed bill of exceptions was filed and served on counsel for plaintiff. On November 6, 1926, the court made an order pursuant to stipulation of the parties, extending the time for proposing amendments to the bill of exceptions until December 15, 1926, and extending the stay of proceedings until January 2, 1927.

On the 18th of December, 1926, the parties filed a stipulation that the proposed bill of exceptions and amendments should be presented to the court on December 28, 1926, that all proceedings might be stayed until January 10, 1927, and that an order might be made pursuant to that stipulation. No order appears to have been made. On December 30, 1926, the parties filed a stipulation that the settlement of the bill of exceptions might be continued until January 10, 1927, and that an order might be made accordingly. No order appears to have been made.

Thereafter, on January 11, 1927, the bill of exceptions was settled and signed. It is to be noted that the last order of the court, dated November 6, 1926, extended the stay of proceedings until January 2, 1927, and that the stipulation of the parties, filed December 18, 1926, purported to extend the

stay of proceedings until January 10, 1927.

[3] The rules which condition the settling and signing of a bill of exceptions are well established. The court has jurisdiction to settle and sign a bill of exceptions during the judgment term, and any valid extension thereof. The extension of the term may be made (1) by standing order; or (2) by special order made during the judgment term or a valid extension thereof. At the end of the judgment term and any valid extension thereof, the court loses jurisdiction to settle and sign a bill of exceptions. Midland Terminal Ry. Co. v. Warinner, 294 F. 185 (C. C. A. 8); Greyerbiehl v. Hughes Electric Co., 294 F. 802 (C. C. A. 8); Stickel v. United States, 294 F. 808 (C. C. A. 8); Bennett v. Riverland Co., 15 F.(2d) 491 (C. C. A. 8); Farmers' Union Grain Co. v. Hallett & Carey Co., 21 F.(2d) 42 (C. C. A. 8).

[4] Stipulation of counsel, made during the judgment term or during any valid extension thereof, that the court may settle a bill of exceptions within a specified period, will enable the court lawfully during the specified period to perform such act. Waldron v. Waldron, 156 U. S. 361, 378, 15 S. Ct. 383, 39 L. Ed. 453; Anderson v. United States (C. C. A.) 269 F. 65. But consent or stipulation of counsel after the expiration of the judgment term, and after the expiration of valid extension periods, cannot confer jurisdiction on the court to settle a bill of exceptions. Exporters v. Butterworth, etc., Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Greyerbiehl v. Hughes Electric Co., supra.

Applying these rules to the facts of the case at bar, it is plain that the court had no jurisdiction to settle the bill of exceptions on January 11, 1927. Conceding the claim of defendant's counsel that the judgment mentioned in rule 49 of the District Court of South Dakota[1] means the final judgment aft-

er the motion for new trial was denied; and conceding further that the order of the court of October 12, 1926, validly extended the term for the purpose of settling and signing a bill of exceptions until November 20, 1926, and that the filing and service of the proposed bill of exceptions were timely performed; and conceding still further that the order of November 6, 1926, which was made within the extension period, extended that period until January 2, 1927; and finally conceding that the stipulations of counsel which were made during a valid extension period, had the effect of authorizing the court to settle and sign the bill of exceptions until January 10, 1927—yet, the stipulation of counsel did not authorize the court to settle the bill of exceptions on January 11, 1927. The court on that date, neither of its own motion nor by consent of counsel, could revive the extension period which had already expired. It follows that the settling and signing of the bill of exceptions were coram non judice, and, though it is returned here, it cannot be considered as part of the record. Müller v. Ehlers, 91 U. S. 249, 23 L. Ed. 319; Anderson v. United States, supra; Pierre v. United States, 275 F. 352 (C. C. A. 8); O'Connell v. United States, 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827.

The cause is thus left for hearing upon the record proper. Since all of the errors urged relate to matters which do not appear in the record proper, and could appear only in a bill of exceptions, and since there is no bill of exceptions, the judgment must be affirmed.

It is so ordered.

---

[1] "When a party desires to have exceptions taken at a trial settled in a bill of exceptions, he may within thirty days after the entry of judgment, if the action were tried to a jury, or after receiving notice of the entry of judgment, if the action were tried without a jury, or such further time as the court in which the action is pending, or a judge thereof, may allow, prepare the draft of a bill and serve the same, or a copy thereof, upon the adverse party. Such draft must contain all the exceptions taken, upon which the party relies. Within twenty days after such service the adverse party may propose amendments thereto and serve the same, or a copy thereof, upon the other party. The proposed bill and amendments must, within ten days thereafter, be presented by the party seeking the settlement of the bill to the judge who tried or heard the case, upon five days' notice to the adverse party."