### GAWF et al. v. UNITED STATES.
### No. 387.

Circuit Court of Appeals, Tenth Circuit.
March 17, 1931.

W. R. Banker, of Muskogee, Okl. (Benj. E. Cook, of Ponca City, Okl., on the brief), for appellants.

Philas S. Jones, Asst. U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Nora B. Gawf, and J. H. Gawf individually and as administrator of the estate of David Laverne Gawf, brought this action against the United·States to recover upon a policy of war risk insurance. Under a written stipulation filed with the clerk, trial by jury was waived and the cause tried by the court. Oral and documentary evidence .were introduced and the cause was taken under advisement. On June 13, 1930, the court rendered the following memorandum opinion:

"I find the issues of fact for the defendant. Judgment will be entered at Muskogee on June 25, 1930. Notify attorneys."

On the last mentioned date, the court entered judgment for the United States, which judgment in part recited:

"The court doth find the issues of law and of fact in favor of the defendant, * * * and against the plaintiffs, * * * and further finds that plaintiffs take nothing because of their petition in this action, and that the defendant go hence without day."

This is an appeal therefrom.

Section 875, Title 28 USCA (43 Stat. 936), provides:

"When an issue of fact in any civil cause in a district court is tried and determined by the court without the intervention of a jury, according to section 773 of this title, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

Counsel for appellants did not request any special findings of fact or declarations of law, did not move for judgment upon the evidence, and did not request a declaration of law that appellants were entitled to judgment as a matter of law.

No error is assigned on any ruling of the court made during the progress of the trial. The sole contention made by counsel for appellants is that the undisputed evidence established that David Laverne Gawf, the insured, became totally and permanently disabled, within the meaning of the policy, before the expiration of the period of grace following the last payment of premium.

In a jury waived case, in the absence of special findings, a general finding is conclusive upon all matters of fact, and prevents any inquiry into the conclusions of law embodied therein, except in so far as the rulings during the progress of the trial were excepted to and duly preserved by a bill of exceptions. See White v. United States (C. C. A.) 48 F.(2d) 178, where the authorities are reviewed and the rules governing procedure in law cases tried before the court without a jury are fully stated.

It follows that we are precluded from reviewing the errors assigned.

The judgment is affirmed.