## UNITED STATES v. PACIFIC MARKET CO.
### No. 416.

Circuit Court of Appeals, Tenth Circuit.
May 27, 1931.

Albert D. Walton, U. S. Atty., for the District of Wyoming, and Ewing T. Kerr, Asst. U. S. Atty., for the District of Wyoming, both of Cheyenne, Wyo., for the United States.

N. E. Corthell, A. W. McCollough, and M. E. Corthell, all of Laramie, Wyo., for appellee.

Before LEWIS and COTTERAL, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge.

This is an action at law brought to recover one installment of rent accruing under the terms of a lease of about 56,000 acres of pasture land known as Ft. D. A. Russell (Pole Mountain) Target and Maneuver Reservation in the state of Wyoming. The lease was made May 21, 1917, by the Honorable Secretary of War under authority of an Act of Congress approved July 28, 1892 (27 Stat. 321 [40 USCA § 303]), which provides, as follows:

"Chap. 316.—An act authorizing the Secretary of War to lease public property in certain cases.

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, That authority be, and is hereby, given to the Secretary of War, when in his discretion it will be for the public good, to lease, for a period not exceeding five years and revocable at any time, such property of the United States under his control as may not for the time be required for public use and for the leasing of which there is no authority under existing law, and such leases shall be reported annually to Congress: Provided, That nothing in this act contained shall be held to apply to mineral or phosphate lands."

The parties will be referred to as on the record in the court below. 51 F.(2d) 348.

All rentals accruing prior to July 1, 1921, were paid to the government. This action was brought to recover the installment of rentals alleged to have accrued from July 1, 1921, to June 30, 1922.

During the time the original lease was in force and in November, 1920, the government notified defendant it wished to use a portion of the leased premises for the purpose of storing explosives thereon, and on December 8, 1920, as provided by the terms of the lease, defendant was notified the government had canceled the same, and a new lease for the remainder of the five-year term from the date of the original lease was made between the parties. This new lease reserves the right of the United States to store explosives at such places and in such quantities as is desired on the leased premises. This lease provides that "this lease shall be revocable at the will of the Secretary of War." After the making of this new lease the defendant did not occupy the premises, and in the spring of 1921 defendant served notice on the commanding officer of Ft. D. A. Russell, Wyo., it did not desire the use of the premises for the ensuing year, and it did not use them.

The government having admitted in its petition defendant market company was entitled to an income tax refund of $834.55, this amount was deducted from the amount of rent sought to be recovered. Hence, judgment was prayed by the plaintiff in only the sum of $5,175.45.

Issues having been joined by an answer to the petition, and also a cross-petition having been filed by the defendant against the government, a jury was waived, and the case was submitted to and tried by the court. There was no evidence sufficient to support the cross-petition. It was therefore dismissed. The court found generally for the defendant and against the government. There were no special findings of fact either requested or made, and no request of the trial court for declarations of law in favor of the plaintiff. This being the state of the record, the errors assigned by the plaintiff, as found in the record, are, as follows:

"Assignment of Errors.

"That the judgment entered in the above entitled cause on the 29th day of August, A. D. 1930, dismissing plaintiff's petition is erroneous and unjust to the plaintiff for the following reasons:

"1. That said judgment is not supported by the evidence.

"2. That said judgment is against the weight of evidence.

"3. That said judgment is contrary to law.

"4. That the court erred in rendering said judgment.

"5. That the court erred in not rendering judgment in favor of the plaintiff and against the defendant.

"6. That the court erred in holding as a matter of law that the lease sued upon and set out in plaintiff's petition was, and is, a lease terminable and revocable at the option of the lessee, and that the same had been ter-

minated and revoked prior to the first day of July, 1921."

■ While the contentions of the defendant are set out in the brief of the plaintiff, yet an inspection of the record in this case discloses no possible question for review by this court. It is conclusively established by the authorities controlling here when in an action at law in a national court a jury is waived and the case is tried to the court, while the court may from the evidence make special findings of fact, it is not required to do so. Modoc County Bank v. Ringling (C. C. A. 9) 7 F. (2d) 535, 536; Bank of Waterproof v. Fidelity & Deposit Co. (C. C. A. 5) 299 F. 478, 480; Compania Trans. de Petroleo v. Mexican Gulf Oil Co. (C. C. A. 2) 292 F. 846, 848; United States v. Smith (C. C. A. 1) 39 F. (2d) 851, 853; Denver L. S. Com. Co. v. Lee (C. C. A. 8) 20 F. (2d) 531; Merriam v. Huselton (C. C. A. 8) 45 F. (2d) 983.

■ Again, when a case is tried by the court without the intervention of a jury, as this case was tried, and there are no findings of fact made save the general finding for the one party or the other, there is no right of review by an appellate court, except as to the rulings of the court made during the progress of the trial excepted to at the time and presented by the bill of exceptions. Wilson v. Merchants' Loan & Trust Co., 183 U. S. 121, 22 S. Ct. 55, 46 L. Ed. 113; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Lehnen v. Dickson, 148 U. S. 71, 13 S. Ct. 481, 37 L. Ed. 373; Vicksburg, etc., Ry. Co. v. Anderson-Tully Co., 256 U. S. 408, 41 S. Ct. 524, 65 L. Ed. 1020; Cooper v. Omohundro, 19 Wall. 65, 69, 22 L. Ed. 47.

In Cooper v. Omohundro, supra, Mr. Justice Clifford, delivering the opinion for the court, said:

"Where issues of fact are submitted to the Circuit Court and the finding is general, nothing is open to review * * * except the rulings of the Circuit Court in the progress of the trial, and that the phrase 'rulings of the court in the progress of the trial' does not include the general finding of the Circuit Court nor the conclusions of the Circuit Court embodied in such general finding."

In Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60, 63, Judge Sanborn, delivering the opinion for the court, said:

"There is another reason why no reviewable question of law is presented to this court in this case. A trial court is entitled to a clear specification by exception of any ruling or rulings which a party challenges and desires to review, to the end that the trial court itself may correct them if so advised, and, if it fails to do so, that there may be a clear record of the rulings and the challenges thereof. For this purpose a rule has been firmly established that an exception to any ruling which counsel desire to review, which sharply calls the attention of the trial court to the specific error alleged, is indispensable to the review of such a ruling."

For a clear and explicit holding on what and how the record must be preserved to raise a question reviewable by this court in a case where a jury is waived and the finding of the trial court is general, as in this case, see, Alexander T. White, appellant, v. United States of America, 48 F. (2d) 178, January Term, 1931, opinion by Judge Phillips.

There was no declaration of law requested by the government to find on the evidence, judgment in its favor, made, denied, or excepted to, and no other matter or thing ruled by the court and excepted to by the government on the trial of the case. From the opinion delivered by the able trial court, it may be seen the court was of the opinion as the lease or license under which the government claimed was not enforceable against defendant unless the defendant occupied the premises under it because it was as made unilateral, yet, as there was no question of law raised on this view of the law, the same, even if erroneous, which we do not hold, cannot be reviewed on this record.

As shown by this record, as there was no ruling of the court made and excepted to during the trial in order to have the question reviewed, there is nothing whatever in this record which this court may re-examine for error.

**Affirmed.**