## TRAMEL v. UNITED STATES.
### No. 464.

Circuit Court of Appeals, Tenth Circuit.

Feb. 9, 1932.

J. H. Stolper, of Muskogee, Okl. (M. D. Hartsell, of Muskogee, Okl., on the brief), for appellant.

Philas S. Jones, Asst. U. S. Atty., of Muskogee, Okl. (W. F. Rampendahl, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before COTTERAL and PHILLIPS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

Boocher Richard Sessions commenced this action in the court below to recover on a war risk insurance policy. On written stipulation the case was tried by the court. After the trial and before decision plaintiff died. Wanda Tramel, the administratrix of his estate, was substituted as party plaintiff. The court thereafter made special findings and gave judgment for the defendant. At the end of the judgment which is signed by the court appears this recital: "To which action of the court the plaintiff duly excepted, which was allowed." This exception is of no avail in this court. Webb v. National Bank of Republic (C. C. A.) 146 F. 717.

The certificate of the trial judge attached to the purported bill of exceptions found in the record is identical in language with that set out and criticised by this court in Lindner Packing & Provision Company et al. v. F. L. Kokrda, as Receiver, 54 F.(2d) 31. What was true in that case is also true in this. There is no certification by the judge that the plaintiff made and saved any exception to the court's rulings during the trial. In short, except as above noted there is not an exception in the record. In addition to this defect the purported bill of exceptions on its face is a nullity. It was settled by the trial judge after the expiration of the term in which judgment was entered and there is nothing in the body of the bill or in the certificate of the judge showing that either by general rule or special order the court retained jurisdiction for the purpose of settling the bill: Exporters v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

The futility of appealing cases in disregard of the rules of appellate practice is demonstrated in too many cases already decided by this court. In addition to the one cited above, see the following: Muir v. Ferguson (C. C. A.) 53 F.(2d) 846; Alexander, Collector of Internal Revenue, v. Carter Oil Co. (C. C. A.) 53 F.(2d) 964; United States v. Pacific Market Co. (C. C. A.) 51 F.(2d) 350; White v. United States (C. C. A.) 48 F.(2d) 178; Gawf v. United States (C. C. A.) 48 F.(2d) 182; Stinson v. Business Men's Accident Association (C. C. A.) 43 F.(2d) 312; See, also, Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624.

While not disregarded in this case, the rule in Zurich General Accident & L. Ins. Co. v. Mid-Continent P. Corp. (C. C. A.) 43 F.(2d) 355, should also be kept in mind.

The findings support the judgment. As the record presents no other question, the judgment must be affirmed.

It is so ordered.