## RITTER et al. v. GULF, C. & S. F. RY. CO.
### No. 9262.

Circuit Court of Appeals, Eighth Circuit.

Feb. 9, 1932.

W. N. Ivie, of Fort Smith, Ark., for appellants.

James B. McDonough, of Fort Smith, Ark. (Joyce Cox, of Galveston, Tex., on the brief), for appellee.

Before KENYON, VAN VALKEN-BURGH, and GARDNER, Circuit Judges.

VAN VALKENBURGH, Circuit Judge.

Appellee brought this action against appellants to recover an undercharge resulting from a shipment of a carload of canned tomatoes consigned from Gentry, Ark., to Dallas, Tex. Appellants were named both consignor and consignee in the contract of shipment. The delivery was made to the Kansas City Southern Railway Company at point of origin. The petition alleges that defendants ordered said car shipped by the Kansas City Southern to Poteau; thence over the St. Louis & San Francisco Railway Company to Paris, Tex.; thence over the line of appellee to destination; that said shipment, when delivered to the initial carrier, was destined to Dallas, Tex., but was diverted by appellants and transported by appellee and other carriers to Fort Worth in the state of Texas; that said shipment was routed by appellants. It is further alleged that the agent of the initial carrier charged and collected a through rate between origin and destination; but that there was no through rate from point of origin to destination, as this shipment moved. The difference between the amount collected, and the amount due under the combination rate prescribed by tariff, plus reconsignment charges from Dallas to Fort Worth, Tex., is $200.96. The contention of appellants is that it was the duty of the agent of the Kansas City Southern at Gentry to route the car by the cheapest rate, regardless of the direction by appellants. A jury was waived, and the court, sitting as a jury, found the issues for appellee, and entered judgment accordingly.

The errors relied upon are:

"1. The court erred in rendering judgment in favor of the plaintiff.

"2. The court erred in failing to grant defendants' request for judgment.

"3. The court erred in failing to render judgment in favor of the defendants.

"4. The facts will not support judgment in favor of the plaintiff."

From these specifications it is apparent that any review, to be effective for reversal, must be upon the facts as presented by bill of exceptions. At the threshold we are met by appellee's motion to strike the bill of exceptions and affirm. The facts upon which this motion is predicated are these: The judgment appealed from was entered March 9, 1931, during the January term of the District Court for the Western District of Arkansas. May 23, 1931, appellants were allowed thirty days within which to file a bill of exceptions. Under this order the time for filing the bill expired June 22, 1931. Meantime, the January term of the District Court, fixed by Act of Congress (see 28 USCA § 144), was finally adjourned June 6, 1931. The June term of said court, likewise fixed by act of Congress, opened June 8, 1931. The bill of exceptions was filed July 17, 1931, twenty-five days after the filing date fixed by the court in its order of May 23, 1931. There was no order of court prior to the final adjournment of the January term, nor any order of court prior to the expiration of the thirty days named in the order of May 23, 1931, extending the time within which the said bill of exceptions could be filed.

It is well settled that, as held by this court in Great Northern Life Ins. Co. v.

Dixon, 22 F.(2d) 655, 657: "The court has jurisdiction to settle and sign a bill of exceptions during the judgment term, and any valid extension thereof. The extension of the term may be made (1) by standing order; or (2) by special order made during the judgment term or a valid extension thereof. At the end of the judgment term and any valid extension thereof, the court loses jurisdiction to settle and sign a bill of exceptions."

 The rule thus stated is supported by abundant authority. There is no showing of any standing order, or.rule of court, fixing the time for filing a bill of exceptions, that would operate to retain jurisdiction in the District Court, and validate this filing after the adjournment of the January term of court, and twenty-five days after the expiration of the thirty-day time limit granted May 23, 1931. There are present no extraordinary and exceptional circumstances such as were held to furnish an exception to the rule above stated in Cudahy Packing Company v. City of Omaha (C. C. A. 8) 24 F. (2d) 3, 6. The bill tendered, therefore, forms no part of the record, and cannot be considered. Exporters v. Butterworth-Judson Company, 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663. The motion to strike must be sustained. In disposing of this case, we adopt the language of Judge Booth in Great Northern Life Ins. Company v. Dixon, supra:

"The cause is thus left for hearing upon the record proper. Since all of the errors urged relate to matters which do not appear in the record proper, and could appear only in a bill of exceptions, and since there is no bill of exceptions, the judgment must be affirmed.

"It is so ordered."