## GARDNER v. UNITED STATES FIDELITY & GUARANTY CO.*
### No. 629.

Circuit Court of Appeals, Tenth Circuit.

July 2, 1932.

Rehearing Denied Sept. 9, 1932.

438

George M. Porter, of McAlester, Okl., and H. A. Gardner, of Monett, Mo. (W. H. Fuller and J. L. Fuller, both of McAlester, Okl., on the brief), for appellant.

Guy L. Andrews, of McAlester, Okl. (H. I. Aston, of McAlester, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

The appellee company sued Gardner, the appellant, on two causes of action, one of them for damages on an indemnity contract against loss as surety on a railroad construction bond, and the other for premiums on numerous bonds. The appellant defended by answer and a counterclaim. A trial was had to a jury at Durant, Okl., and resulted in a directed verdict for the company. Later a judgment was rendered thereon at Muskogee, Okl. Gardner has appealed, assigning errors in the trial proceedings. The case has been submitted on the merits and on objection to a consideration of the bill of exceptions on the ground that it was settled after the Muskogee term and no extension of time for settlement was granted at that term. The objection, if sustained, is determinative of the appeal.

The term at Durant was ordered by the District Judge to convene on July 15, 1931. That term was recessed, subject to call, on July 19, 1931, but was not adjourned. Meantime, the trial occurred. When the evidence was closed, the plaintiff moved for directed verdicts on both causes of action and the counterclaim, the motions were sustained, and verdicts were returned accordingly. The journal of the court, approved by the District Judge, and dated October 2, 1931, shows that a motion for a new trial filed on July 21, 1931, was overruled, that "judgment will be finally entered in this matter at Muskogee, on October 8th, 1931," and added: "The clerk will notify the attorneys for the respective sides so that they may be present and save their exceptions and all matters preliminary to an appeal if they so desire."

A comprehensive journal entry of record also bearing the approval of the judge recites, in substance: The trial commenced on July 16, 1931, plaintiff introduced its evidence on the first cause of action, the defendant announced in open court he confessed judgment on the second cause of action, the defendant introduced evidence in defense of the first cause of action, and in support of his counterclaim the plaintiff moved for directed verdicts on its first cause of action and the counterclaim, the motions were sustained, the jury returned verdicts for plaintiff on both causes of action and the counterclaim, the defendant was allowed five days to file a motion for a new trial, and entry of judgment was ordered stayed pending the motion, the motion was overruled on October 2, 1931, the case was continued for further consideration until October 8, 1931, and on that date "the court renders the following judgment," and it was considered, ordered, and adjudged that plaintiff recover of defendant the aggregate amount of $9,651.16, with interest from July 16, 1931, and costs on the first cause of action, judgment was rendered for the aggregate amount of $4,724.31, with interest from July 16, 1931, and costs on the second

cause of action, and judgment was rendered for plaintiff on the counterclaim, with costs.

The bill of exceptions was tendered for settlement and settled on January 5, 1932. The certificate of the trial judge recites that it—"was filed on the 5th day of December, 1932, within the time allowed for filing the bill of exceptions by order of the United States District Court * * * dated on the 5th day of January, 1932, and made at the January, 1932, Term of said court." *December 5, 1932*, was an impossible date. The date of the extension, January 5, 1932, was the second day of the January, 1932, term at Muskogee, which began on Monday, January 4, 1932, and the term for the previous year had then closed, as terms are fixed by law on the first Monday in January of each year. Act of June 28, 1930, 46 Stat. c. 714 (28 USCA § 182), amending section 101, Judicial Code.

■ The question presented is whether the bill of exceptions was subject to settlement on January 5, 1932, after the close of the term at Muskogee, where the judgment was rendered on October 8, 1931, without any extension being granted at that term. The courts have repeatedly decided that such settlement is not timely and invalid for want of jurisdiction.

In Stickel v. United States, 294 F. 808, 810 (8 C. C. A., opinion written by Judge Sanborn), the rule was held to be well settled that, "after the judgment term and after the expiration without farther extension of an extension beyond the term granted within the term the trial court has lost its jurisdiction to grant further extensions." The Sixth Circuit expressly concurred in that decision. In re Bills of Exceptions, 37 F.(2d) 849. The question was again decided to the same effect in the Eighth Circuit. Great Northern L. I. Co. v. Dixon, 22 F.(2d) 655. and the same court followed the Dixon Case in Ritter v. Gulf, C. & S. F. Ry., 56 F.(2d) 369. Those decisions are clearly sound, and have our approval.

Counsel for appellant insist the judgment was rendered at Durant because the court journal recites when time was allowed for filing a motion for new trial, *entry* of the judgment was continued. But the language used must have been inadvertent, as no judgment was rendered at Durant, and the actual judgment is shown by the complete journal entry to have been rendered on October 8, 1931. True, the clerk had the duty under the applicable procedure in Oklahoma to enter the judgment at once unless it was reserved; but the reservation was made.

■ Another contention is that the judgment was rendered at the Durant term on the second cause of action because it was confessed at that term. But it was for a part only of plaintiff's demands, was not accepted by appellee, action was not there taken on the confession, or merged in a judgment. Section 844, Comp. Okl. Stat. 1921. The court treated the confession as an offer, and actually rendered judgment for both demands on October 8, 1931.

■ A question is raised with regard to the powers of the District Court to be exercised at the several terms in the Eastern District. The terms are separate and distinct at the different places. By the act cited, dates are specified for terms each year at Muskogee and nine other cities, and they are to be held annually at Pauls Valley and Durant, as fixed by the District Judge. The Durant term was ordered by him to commence on July 15, 1931. There are no divisions in the district. For that reason, the whole docket follows the court, and every case is subject to assignment at any term. There is no tenable objection to the adjournment of any motion, proceeding, or judgment from one term to another. The court had the power to continue the rendition of judgment from the Durant term to the Muskogee term.

■ The bill of exceptions is said to have been properly settled, because of waiver or consent by appellee. It is stated by counsel for appellant that opposing counsel were present at the settlement and made no objection to it. This is said to have been such participation in the settlement as precluded later objection to it. But mere presence, if assumed, cannot be so construed. As authority for the implied waiver, E. I. Du Pont de Nemours & Co. v. Smith (C. C. A.) 249 F. 403, is cited. That case presupposes some part in making up the record. It discusses Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453, approved in Old Nick Williams Co. v. United States, 215 U. S. 541, 30 S. Ct. 221, 54 L. Ed. 318, and Jennings v. Philadelphia, etc., Co., 218 U. S. 255, 31 S. Ct. 1, 2, 54 L. Ed. 1031. The Waldron Case was based on consent, given during the term. In the Williams Case the judgment was affirmed, as the writ of error was not filed in time, because of a belated settlement of a bill of exceptions. In the Jennings Case it was said: "There should be express consent, or conduct which should equitably estop the op-

posite party from denying that he had consented." There was neither in this case. Consent is ineffectual to authorize settlement after expiration of the term or of a period of a valid extension. Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

Our conclusion is that the settlement of the bill of exceptions occurred after the judgment term at Muskogee, when the trial judge had lost jurisdiction to act; and, as only errors in the trial proceedings, which may be brought into the record only by a bill of exceptions, are urged in this court, the judgment appealed from should be, and it is, affirmed.

### On Petition for Rehearing.

The appellant seeks a rehearing, supporting his petition by a certificate of the trial judge and an affidavit of counsel. We consider the showing, said to disclose "extraordinary circumstances," and pass the question whether it is presented in time.

The certificate recites that the judge was absent from the district from December 15, 1931, until after January 1, 1932, returned on the latter date, and opened the new term on January 4, 1932. The affidavit sets out other matters: The bill of exceptions was originally served on appellee's counsel December 5, 1931. Counsel for both parties learned after December 15 the judge would not return before January 1. They agreed it would be desirable to reach an agreement upon the contents of the bill of exceptions. Conferences resulted. Early in December many additions were requested by counsel for appellee and made. On December 26, they requested further changes. In order to comply with them and reach an agreement upon the bill, an extra stenographer was employed, the bill was completed late on January 3 (Sunday), and then delivered to counsel for appellee. On January 5, counsel for both parties advised the judge they had agreed on the bill. It was then settled, and an appeal bond was fixed, after suggestions by respective counsel as to the amount. No evidence of an agreement was annexed to the bill.

In Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951, there was an extension for settlement of a bill to May 17, 1931 (Sunday). On May 16, when the assistant district attorney completed examination of the bill, counsel for both parties sought the District Judge to obtain his signature but failing to find him agreed to ask his signature on May 18. "On that day with the express approval of all parties and in pursuance of the earlier agreement, the judge signed the bill. The considerable delay in settling the bill followed the request of the Assistant District Attorney in charge and was permitted for his convenience." The bill bore the agreement of counsel. It was sustained, but the court negatived any intent to relax the general rule, citing Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453.

It does not appear in this case whether the judgment term was open on January 2, 1932. If it was, then as the judge had returned to the district, the bill might have been settled, or an extension obtained, on that day. The only extension, as stated in our previous decision, was on January 5. There was no agreed settlement of the bill. Assuming the agreement on the contents of the bill was equivalent, it does not appear to have been reached before counsel advised the judge to that effect on January 5. That date was too late for either an extension or agreement.

The absence of requisite facts is fatal to the validity of the bill.

The rehearing is therefore denied.