## LONSDALE v. UNITED STATES.
### No. 914.

Circuit Court of Appeals, Tenth Circuit.

Nov. 11, 1933.

Eben L. Taylor, of Tulsa, Okl., for appellant.

A. E. Williams, of Tulsa, Okl. (C. E. Bailey, U. S. Atty., of Bartlesville, Okl., and Harry Seaton, Asst. U. S. Atty., of Tulsa, Okl., on the brief), for the United States.

Before LEWIS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

The appellant was convicted and sentenced under an indictment charging him with buying, receiving, and having in his possession four cases of cigarettes, knowing them to have been stolen from a box car moving in interstate commerce; and in a second count with concealing the same; and in the third, fourth, fifth, and sixth counts, of similar offenses as to two other lots of cigarettes stolen from the same car.

■ The appellee has interposed a motion to dismiss the appeal and to strike the bill of exceptions. The appeal having been regularly taken within the statutory period cannot be dismissed because there is no bill of exceptions. The motion to dismiss the appeal is therefore denied.

■ The motion to strike the bill of exceptions must be sustained, for the bill was not settled within the term at which the judgment was entered, nor within any extension of

time allowed within the term. The chronology is as follows:

September 30, 1932 —Indictment returned.
October 21, 1932 —Arraigned at a special March, 1932, session of the court at Tulsa.
October 24, 1932 —Verdict and sentence.
October 29, 1932 —Defendant given 60 days to file a bill of exceptions.
December 28, 1932 —Time in which to file bill of exceptions expired.
December 31, 1932 —Term ended.
January 21, 1933 —Appeal allowed, citation issued.
February 27, 1933 —Order entered purporting to extend March, 1932, term for purposes of this case, and extending time (by similar mesne orders) until July 22, 1933.
July 22, 1933 —Bill of exceptions settled.

There is no standing order extending the term for the purpose of settling bills of exception in appeals from orders entered during the term.

When the term expired on December 31, the order of extension having expired three days before, the trial court lost jurisdiction to settle the bill of exceptions. Gardner v. United States Fidelity & Guaranty Co. (C. C. A. 10) 60 F.(2d) 437; Taylor v. United States, 286 U. S. 1, 52 S. Ct. 466, 76 L. Ed. 951. The order made in February, 1933, attempting retroactively to extend a term long since expired, is of no avail, for the rule was long ago settled that unless the court's control over the case has been reserved by a standing order, or an extension made within the term, all authority of the court over the bill ends with the term. Walton v. United States, 9 Wheat. 651, 6 L. Ed. 182; Michigan Insurance Bank v. Eldred, 143 U. S. 293, 298, 12 S. Ct. 450, 36 L. Ed. 162; Ward v. Cochran, 150 U. S. 597, 14 S. Ct. 230, 37 L. Ed. 1195. In Muller v. Ehlers, 91 U. S. 249, 250, 23 L. Ed. 319—frequently cited by the court in later years—the trial court undertook at a subsequent term to enter a nunc pro tunc order as of the term in which the judgment was rendered. It was held that this was beyond its power, the Supreme Court saying:

"The order of the court, therefore, made at the next term, directing that the bill of exceptions be filed in the cause as of the date of the trial, was a nullity."

We find no evidence of consent upon the part of appellee, but if any there be, it was after the term had expired and is without force. Waldron v. Waldron, 156 U. S. 361, 15 S. Ct. 383, 39 L. Ed. 453. Consent of parties cannot confer jurisdiction on the courts of the United States. Exporters of Mfrs' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663.

The bill of exceptions is therefore stricken from the record. The errors assigned are all directed at trial proceedings which are not before us; the appellant's brief, however, discloses that the errors urged are insubstantial. The judgment is therefore

Affirmed.