**UNITED STATES v. JONES.**

No. 1247.

Circuit Court of Appeals, Tenth Circuit.

Aug. 26, 1935.

**1006**

Daniel Dillon, of Oklahoma City, Okl. (Will G. Beardslee, Director, Bureau of War Risk Litigation, and Keith L. Seegmiller, Atty., Department of Justice, both of Washington, D. C., and Clarence E. Bailey, U. S. Atty., of Tulsa, Okl., on the brief), for appellant.

Kelly Brown, of Muskogee, Okl., and Glenn O. Young, of Sapulpa, Okl., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

BRATTON, Circuit Judge.

This is a suit to recover upon a war risk insurance contract. Trial by jury was waived and the cause was submitted to the court. The material facts were found in favor of plaintiff and judgment followed.

■ A motion was lodged in this court to strike the bill of exceptions and it must be sustained because the bill was admittedly settled after the expiration of the term at which the judgment was entered and there concededly was neither a standing order of the court nor a special order entered in this case extending the term for that purpose. In the absence of such an order seasonably made, the court has no jurisdiction to settle the bill after the term ends. Tramel v. United States (C. C. A.) 56 F.(2d) 142; Gardner v. United States Fidelity & Guaranty Co. (C. C. A.) 60 F.(2d) 437; Lonsdale v. United States (C. C. A.) 67 F.(2d) 458.

■ The only contention for reversal advanced in the brief is the lack of substantial evidence to support the finding of total and permanent disability while the contract was in force. Manifestly, with the bill of exceptions stricken, that question cannot be reviewed. But it was urged on oral argument that the record fails to show affirmatively that the action was filed within the required time and that for such reason the judgment cannot stand even if the bill is stricken. The petition was filed on October 22, 1932. It was alleged therein that plaintiff became disabled in .1918; that demand for payment had been made and rejected; and that a disagreement existed. The respective dates on which the claim was filed and rejected were not stated and no motion was made that they be set forth. The answer consisted of a general denial.

■ A suit of this kind must be filed within six years after the cause of action accrued or within one year after July 3, 1930, whichever is later; but the time during which the claim pends before the bureau is excluded in computing that period. 38 USCA § 445. The sovereign can be sued only with its consent and that may be given with conditions attached. Whether a suit has been filed within the time allowed for that purpose is a question of fact. Here it may depend exclusively upon the length of time the claim rested before the bureau. The date of filing and the date of rejection are not before us. We must presume in the condition of the record that they were before the trial court and that the facts were found correctly. United States v. Wilson (C. C. A.) 78 F.(2d) 465.

The bill of exceptions is stricken and the judgment is affirmed.